Judge Haywood
delivered the following opinion of the court. The question for the court to decide, is, whether, from the statement of facts, Hannah is to be considered the property of Robbins, so far as his creditors are concerned and liable to be sold under a fi. fa. at law against Robbins. In 8th East, it is settled that' the trust of a term is not liable to a fi. fa. because it is leviable only on a legal interest. A fi. fa. was not then leviable on the interest of Robbins in Hannah, for he had only an equitable interest. If, in every fair transaction, the equitable interest of a cestui que trust cannot be levied bn at law, then the only question which remains, is whether, if the chattel of a debtor be conveyed to his friend, and be disposed of by him. for other properly in lieu of if, the latter *80 property is liable to a fi. fa. against the debtor, as the property given for it was, before it was tranferred by the friend to a third- person.
The law will not make void the transfer from a- friend to an innocent third person. The property given in exchange by such third person passes from him. It vests legally in the friend, as trustee of the debtor. This latter property never was vested legally in the debtor as the former was. The law makes void the transfer from the debtor to his friend, and considers the debtor as the owner still. In the other case, the legal property conveyed by the third person (M’Whirter for instance) vests in the trustee, Derrick. If made void, it would remain in M’-Whirter, and would be reached by creditors neither in law nor equity. It is for the benefit of creditors, that it should pass to Derrick, that it may be subject to their demands in equity. If it be said, the legal estate conveyed to Derrick, passed through him to Robbins for the benefit of creditors, because of the fraud which the law. condemns, then it may be asked, by what statute of assembly? — Not by those acts which say a conveyance by a debtor, in fraud of his creditor, shall he void, for the conveyance of Hannah is not from Robbins the debtor, but from M’Whirter. For want of such statute the legal property must remain in the trustee. There is no statute which says, the cestui que trust shall be the legal owner. Tne purchase by Underwood, he being high sheriff, at the sale of his deputy, is void by act of assembly; but no material consequence springs from this circumstance, as Derrick could not recover against Childs, although the latter had no title, if likewise Derrick had none.
The question still remains, has Derrick the legal estate? What title had Childs, or Underwood, under whom he claims, but under the contract and transfer of Hannah by/M’Whirter to Derrick? If this contract is void, then the property of Hannah still remains in M’Whirter.— Then there is no pretence for Childs to maintain the execution sale and his title under it. He must show that the *81 delivery of Hannah to Robbins, under the contract between Derrick and M’Whirter, vested the legal title in Robbins, which he cannot; or he must show, that an equitable interest in Robbins was liable to a fi. fa. against him, which is not the law; or he must shew, that some statute for the benefit of creditors transferred the legal title of Derrick to Robbins, and there is no such statute; and thus the legal title is left in Derrick, and he has a right to recover in this action, notwithstanding the obstacles opposed to him in argument.
The court refers for the support of their opinion to 1 Yernon 100. 2 Yernon 67, 490. 1 Fonblanque 275. 2 Atkins 481. Yiner,- title fraud, Q. a, Cro. C. 550. It is said a consequence of vast inconvenience will result from the principles of this decision. Debtors for less sums than fifty dollars, by purchasing in property, and vesting it in trustees, will make it free from their debts both in law and equity, because equity can only entertain jurisdiction when the sum is over $50 by our acts of assembly, and for this reason, creditors under this sum are without remedy. But it is the business oí the court to pronounce the law as it is, not to alter the law in a case unprovided for by the legislature.
To say that the property passed from M’Whirter, and did not vest in Derrick, according to the terms of the contract, is to say, that part of a contract is good and part void; and that the ceremony of the delivery shall have a different effect from that which both parties intended,— that it is to say, to vest the property in cestui que trust, and make him the legal owner, instead of the trustee, when they intended that it should vest in Derrick, and that Robbins’ should be cestui que trust. No instance can be produced where the court has ever made such an arbitrary induction, or where it can be necessary for the purpose of justice, that the intentions of men shall be construed otherwise than they really are.
Affirm the Judgment of circuit court
N. B. The bill of sale, from M’Whirter to Derrick, was not made at the time of contract, but it was agreed *82 to be done afterwards and was done accordingly. The court held, that this made no difference.