State *v.* Hill.

STATE *v.* HILL.

(*Jackson.* May 9, 1889.)

1. TAXES. *Lien of. Not lost by sale of realty under decree, when.*

Real estate sold under decree of Court, in a proceeding to which the State or other tax creditor is not a party, is not thereby exonerated in the hands of the purchaser at such sale from an existing lien for unpaid taxes due thereon, unless there has been, as required by Act of 1871, Ch. 68, an ascertainment, by proper reference, of the amount of taxes due at date of sale, and an order directing their payment out of the proceeds realized from such sale.

Act construed: Acts 1871, Ch. 68; Code (M. & V.), ¿806; ¿674*a* (T. & S. Addenda.)

Case cited and distinguished: Williams *v.* Whitmore, 9 Lea, 262.

2. SAME. *Duty of purchaser at judicial sale.*

The purchaser of land sold under decree of Court must, at his peril, obtain reference for ascertainment of taxes, and order for their payment out of proceeds of sale.

3. SAME. *Same. Notice to collector of taxes.*

Notice of taking the account to ascertain amount of taxes due at date of sale should be served on the proper tax collector.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. B. M. ESTES, Ch.

Attorney-General PICKLE, F. H. HEISKELL, and C. W. HEISKELL for Complainants.

MALONE & MALONE and HILL & WILKERSON for Respondents.

LURTON, J. This is a bill filed by the State under Act 1882, being "An Act to provide for the more efficient collection of back taxes." The controversy involved in this appeal is as to the liability of a certain lot of ground, now owned by Mrs. Ida Hill, for State, county, and city taxes for the years 1877 to 1881, inclusive. This lot was purchased by her in 1881 at a Chancery sale under a decree in the cause of *Taylor et al.* v. *Taylor*, then pending in the Chancery Court of Shelby County.

It is agreed that she has paid all the purchase money into Court in that cause, and that title has been vested in her. The taxes now claimed were an incumbrance on the lot at the time of the sale. The purchase money was distributed without paying the taxes on this lot, and it is agreed that there was no order made directing the Clerk to report or pay the taxes.

The Chancellor was of opinion that the taxes constituted a specific lien upon the property, and that the lien had not been lost by any of the proceedings under which Mrs. Hill had become the owner.

The contention of Mrs. Hill is, that under the Act of 1871, Ch. 68, carried into Code of M. & V. at § 806, that the lien of the taxes, by the sale under decree of court, was transferred from the property to the purchase money.

That Act provides that: "Whenever real estate is sold under a decree of any court of this State

it shall be the duty of the Judge of said Court, before said sale is confirmed to the purchaser, to have a reference made to the Clerk or Clerk and Master to ascertain if upon the day of sale there were any taxes due and unpaid which were a lien upon said real estate; and if it is found that there were taxes that were a lien upon the real estate, upon the day of sale, a decree shall be entered in the cause stating the amount of taxes, and directing the Clerk and Master or Clerk to pay said taxes out of the first money collected from the sale of the said real estate." The object of this Act seems to have been twofold. First, to expedite and insure the collection of taxes. Second, to settle the controversy as to whether the purchaser was entitled to have the taxes paid out of the purchase money, there being conflict in the decisions of this Court upon the question. *Ellis* v. *Foster*, 7 Heis., 131; *Childress* v. *Vance*, 1 Bax., 406; *Stanton* v. *Harris*, 9. Heis., 579.

The taxes are, by this Act, made a prior charge and lien upon the thing taxed, and overrides all liens, mortgages, and incumbrances of whatever kind, there might be upon the property; for the Act expressly requires that the taxes shall be paid "out of the first money collected from the sale of said real estate."

The purchaser, under a Court sale, may protect himself as against the incumbrance of taxes by causing the purchase money to be applied to the discharge and payment of taxes. If no order is

made before confirmation he may have such order made at any time before the purchase money has passed beyond the jurisdiction of the Court. *Williams* v. *Whitmore*, 9 Lea, 262.

But suppose, as in the case under judgment, no order is made to ascertain and pay the taxes, is the lien of the taxes lost? We think not. The order directing the Clerk to report is essential to obtaining jurisdiction over the question. If the Court fails to make an order, and the Clerk makes no report, why shall the lien of the tax be lost? Neither the State, county, or city were parties to the cause, and ought not to be concluded by any thing done or omitted to be done therein without some opportunity to assert their claims. Upon a reference being made it would be the duty of the Clerk to give notice thereof to the collectors of taxes within the county, and thus enable the taxes to be ascertained. If no such order is made by the Court it is the privilege of the purchaser to move the Court for such an order, and thus put in motion the machinery of the law whereby the property may be relieved by the payment of the incumbrances out of the purchase money. If no order for the payment of the taxes out of the purchase money is made, the lien will continue against the property.

In the case of *State* v. *Laura Moore, et al.*, decided at Jackson in 1888, we held that where there had been a reference under the statute, and a report showing taxes due, and a decree ordering pay-

40

ment of taxes out of purchase money, that the neg-
lect of the tax officers to receive the fund from the
Clerk of the Court did not restore the lien to the
property, but that the effect of such a decree was to
transfer the lien from the property to the fund, and
that the State must look to the fund and the re-
sponsibility of the Clerk on his bond for taxes so
ordered to be paid.    That decision we have since
followed; but we are not disposed to extend it by
holding that the lien is shifted to the fund, where
no order to pay the taxes has been made.    The
Act, as we construe it, gives to the purchaser
every protection he can demand, upon condition
that he shall see to it that the proper steps are
taken to obtain the payment of the tax incum-
brance out of the purchase money.    To hold that
the Judge is to make the order, and that his over-
sight or refusal shall result in the loss of the lien
of taxes, would throw upon tax payers who promptly
discharge their taxes an additional burden of tax-
ation fearful to contemplate.    No such construction
is possible.    The case of *Williams* v. *Whitmore*, 9
Lea, has been relied upon by defendant.    There is
nothing in that case in conflict with the view we
here announce.    The controversy in that case was
between the purchaser and the creditors entitled to
the purchase money.    The latter sought to throw the
burden of the tax upon the former, because there
had been no order of reference before confirma-
tion as required by the Act, and because the pur-
chase money had been actually paid out to the

State *v.* Hill.

creditors before the purchaser made his application to have the fund restored to the custody of the Court and applied to the relief of his purchase from the incumbrance of back taxes. What Judge McFarland says about the purchaser not buying subject to the taxes was said in a controversy between such a purchaser and the creditors entitled to the purchase money.

The decree of the Chancellor must be affirmed with costs.