JOHN H. JONES v. JOHN WIESEN.

FILED JANUARY 7, 1897.   No. 6963.

1. **Negotiable Instruments:** BONA FIDE PURCHASERS: INDORSEMENTS. Where the payee of a negotiable promissory note indorses and delivers the same to his creditor to secure the payment of a debt

owing to him, such creditor becomes an innocent holder of said note and acquires a lien thereon for the amount of his debt, provided he took it before maturity and without notice of any defenses thereto.

2. ——: ——: ——. In such case, if another creditor of the payee, to secure his debt, pays the claim of the indorsee and takes an assignment of the note, he will, by such transaction, acquire the same lien and title to the note which his indorser had, whether the second creditor acquired it before or after maturity, and with or without knowledge of defenses existing against the note.

3. ——: ——: ——. But one who purchases for value a negotiable note, either before or after its maturity, and with knowledge of a defense existing against the same, is entitled to enforce the collection of the entire note, provided his assignor was an innocent purchaser, before due, for value, in the usual course of business.

4. ——: ——: ——. The purchaser of a negotiable promissory note at an execution or attachment sale thereof acquires thereby the interest which the execution or attachment defendant had in said note, and occupies the same relation to the maker of said note as he would had said note been indorsed to him without recourse by the payee.

ERROR from the district court of Cuming county. Tried below before NORRIS, J. *Reversed.*

*A. H. Briggs,* for plaintiff in error.

*T. M. Franse, contra.*

RAGAN, C.

June 13, 1891, John Wiesen executed and delivered his promissory note for $50 to one F. P. Bellinger. The note was payable to Bellinger or bearer and matured six months after date. In the district court of Cuming county, John H. Jones sued John Wiesen on this note. Jones alleged that he was the owner of the note; that he had purchased it for value in the ordinary course of business, and before its maturity. Wiesen interposed as a defense to the note that it was given to Bellinger in consideration of the latter's promise to furnish him, Wiesen, certain medicine and medical attendance within a certain time; that Bellinger had made default in these promises,

and that Jones had notice that the consideration for said note had failed at the time he became the holder thereof. A jury was waived and the case was tried by the court, which found that the consideration for the note had wholly failed, and that Jones was not a *bona fide* holder thereof without notice, and dismissed his action. To reverse this judgment, Jones prosecutes here a petition in error.

The record shows, without conflict, that Wiesen gave the note to Bellinger in consideration of the latter's promise to furnish him certain medicine and medical attendance within a certain time, and that he had made default in these promises; that before this note matured Bellinger borrowed of a bank at Dodge, Nebraska, the sum of $4 and pledged the note to secure the repayment of the sum borrowed; that the bank took this note without any knowledge of the consideration for which it was given; that Jones, learning that the bank held the note in suit, to secure a debt due to him from Bellinger paid to it its debt and the bank delivered the note to him. Subsequent to that time, Jones caused an execution or attachment to be levied upon this note as Bellinger's and the same to be sold, and purchased it at the sale. The bank having taken this note as collateral security for the loan made by it to Bellinger, in good faith and without notice of Wiesen's defense thereto, became thereby a good-faith holder of the note and had a lien upon it to secure the repayment to it of the $4 loaned to Bellinger, and was entitled to enforce the collection of the note against Wiesen to the amount of its lien. (*Helmer v. Commercial Bank*, 28 Neb., 474; *Koehler v. Dodge*, 31 Neb., 328; *Haas v. Bank of Commerce*, 41 Neb., 754.) Jones having purchased the note of the bank for the amount of its lien against it, took the place of the bank and by such purchase became an innocent holder of the note and entitled to enforce its collection against Wiesen for the amount which he had paid the bank. The fact that Jones knew, at the time the bank sold him the note, that the consid-

eration promised Wiesen for its execution had failed did not make Jones any the less an innocent holder for value before maturity, since one who purchases for value a negotiable instrument, after its maturity or before, with knowledge of a defense existing against the same, is entitled to enforce the collection of the entire note, provided his assignor was an innocent purchaser before due, for value, in the ordinary course of business. (*Koehler v. Dodge*, 31 Neb., 328; *Butterfield v. Town of Ontario*, 32 Fed. Rep., 891; *Bodley v. Emporia Nat. Bank*, 16 Pac. Rep. [Kan.], 88.) This rule rests upon the principle that a second indorsee takes whatever title his indorser had, and since his indorser was entitled to enforce the note against the maker, notwithstanding equities existing in the latter's favor against the original payee, the second indorsee is entitled to the same protection.

In the case at bar the bank of Dodge was an innocent holder before due, for value, in the usual course of business of the note in suit, and entitled to enforce its collection to the extent of the loan made by it to Bellinger, and Jones, by paying Bellinger's debt to the bank and taking up the note, took the same title to it that the bank had. It follows that Jones was entitled to recover upon the note in suit the amount of money he paid to the bank. Jones, by having this note sold on execution or attachment, acquired the legal title thereto, but by that sale he acquired only the interest which Bellinger had in the note, and this interest was subject to the bank's lien upon it for the money loaned to Bellinger and was subject to whatever defense Wiesen had against the same. In other words, where one purchases a negotiable promissory note or other chattel at a sheriff's sale thereof under execution or attachment, such purchaser simply takes whatever interest the execution or attachment defendant had in the note or chattel sold. But such a purchaser of negotiable paper, even before its maturity, is not an innocent holder within the meaning of the law. The title acquired by such a purchaser is precisely what

he would have acquired to such a note had it been in-dorsed to him without recourse by the payee thereof. The judgment of the district court is reversed.

REVERSED AND REMANDED.