MIDDLE TENNESSEE BANK v. McKENNON et al.—99 S. W. (2d) 564.

Middle Section.   June 27, 1936.

Petition for Certiorari denied by Supreme Court, December 12, 1936.

T. B. Forgey, of Columbia, for complainant.

Sam Holding, L. Z. Turpin, and W. C. Whitthorne, all of Columbia, for Mrs. C. J. Davis.

DeWITT, J. The chancellor dismissed the bill as to Mrs. C. J. Davis, who was sued as indorser on certain promissory notes executed by her brother, George E. McKennon, as maker, and from this part of his decree the complainant bank has appealed. The chancellor awarded a recovery against McKennon for $4,172.07, the amount of the notes and an attorney's fee. He did not appeal.

The notes are for $750, $1000, and $1,000, dated March 30, 1929, and payable respectively one, two, and three years after date to the order of the Columbia Bank & Trust Company, with interest from date and with provisions of waiver by maker and indorsers of demand notice and protest and agreement by them, in case of default of payment, to pay expenses incurred in collection, including attorney's fee.

The Columbia Bank & Trust Company closed its doors on July 24, 1929. It was turned over to the State Banking Department to be wound up as an insolvent bank. H. L. Grigsby, Superintendent of Banks, was appointed receiver of the bank. Under a decree

of the chancery court in the receivership cause, these notes, together with the other assets of the Columbia Bank & Trust Company, were purchased by the Middle Tennessee Bank, on or about May 10, 1930, for valuable consideration.

Mrs. Davis denied liability on the following grounds: That she indorsed the notes for accommodation, without consideration, and upon the distinct condition that, if a contemplated merger with the Phœnix National Bank were not consummated, these notes would not be used, but would be returned to her; that the merger was not consummated; and that the complainant, Middle Tennessee Bank, was not a holder in due course and was therefore subject to any defenses against the original payee.

The chancellor sustained these defenses. The insistence that the Middle Tennessee Bank is a holder without notice of the defenses of Mrs. Davis as against the Columbia Bank & Trust Company or its receiver, and not subject thereto, is not sustainable. The evidence does not preponderate against the chancellor's finding that Hutton, the president of the Middle Tennessee Bank, and its active agent and organizer, knew of these defenses before the purchase of the notes was consummated; but, whether he did or not, the purchase of the notes at judicial sale or from the receiver gave to the Middle Tennessee Bank no greater title and ownership than that of the insolvent payee. We do not find this question adjudicated in any published decision in this state; but upon principle, and according to very respectable authorities elsewhere, the rule of caveat emptor applies to such a purchaser. The heart of this rule is that such purchaser did not acquire the paper by negotiation or assignment. The sale was by a receiver, the officer of the court, and in sanctioning the sale of the notes the court and its officer were not engaged in giving the notes an immunity bath to free them from any defenses to which they may have been subject. The court and its receiver were selling in invitum what the insolvent bank actually owned—nothing more—and that is all that the complainant purchased. In Collis v. Kraft, 118 Kan., 531, 235 P., 862, closely analogous to the instant case, the payee of a note obtained it from the maker by false and fraudulent misrepresentations and without substantial consideration. The payee indorsed the note before maturity to a bank as collateral to its own indebtedness. Later the payee became insolvent and a receiver sold all its assets, including this note to the plaintiff, and the proceeds of the receiver's sale were applied to the payment of the payee's indebtedness, and the plaintiff and the bank joined in a motion that the court confirm the sale by the receiver, which motion was granted. It was held that the plaintiff's title and ownership of the note were no greater than that of the insolvent payee; that he did not acquire the note by negotiation or assignment from

the bank; and that the same defenses were available to the maker against the plaintiff who purchased the note at the receiver's sale as would have been available against the payee. See, also, Ward v. Oklahoma State Bank, 51 Okl., 193, 151 P., 852; Neale v. Head, 133 Cal., 42, 65 P., 131, 576; Jones v. Wiesen, 50 Neb., 243, 69 N. W., 762. These cases involve the application of these principles.

It is the rule in Tennessee that the chancery court in no case undertakes to sell more than the title of the parties to the suit; and that, after confirmation, the rule of caveat emptor applies, except in cases of sales for partition. Gibson's Suits in Chancery, section 641, note 7.

This is the whole point after all, that such sale is not to give a new or better title, but merely to pass on to the purchaser the title of the party to the suit; and in this case it was the title of an insolvent payee of promissory notes. If the defenses of Mrs. Davis as against the original payee are valid, it is not material that, when the receiver took charge of the payee bank, these notes had been pledged by it to the Maury National Bank and the Fourth & First National Bank of Nashville as collateral security for loans. It appears that the receiver paid off these loans and received back these notes. The receiver then stood in the same status as to this matter as that of the insolvent bank. The protection of a holder in due course is not available to a purchaser from a transferor who has been a party to any fraud or illegality affecting the instrument. When the instrument is retransferred to such party, he occupies no higher status than he previously had. Code, section 7382; Pearson v. Southall Brothers, 12 Tenn. App., 182.

It therefore remains to determine whether or not Mrs. Davis had valid defenses as against the original payee of the notes.

We find that these notes were indorsed by Mrs. Davis upon condition and agreement that they would be delivered to and become the property of the payee bank only in case a merger of it with another bank were consummated; that this was for the purpose of aiding in the merger whereby she might save the value of her stock of $500 par value in the Columbia Bank, and save her brother from serious trouble and disgrace which was represented to him and to her as likely to come from his indebtedness to the bank in excess of lawful restriction, he having been the cashier of the bank; that this condition and agreement was fully known to the bank when the notes were turned over to it; and that, although no merger was made, the bank without her consent or knowledge took the notes as a part of its assets and credited them upon her brother's indebtedness. It being in violation of the condition of agreement, no obligation on her part to the bank ever arose. The fact that the bank surrendered certain collateral to the notes of her brother is immaterial, first, because the bank had

no right to take her notes as part of its assets when no merger became possible; second, because it appears that this collateral, being a note or notes of a valid maker barred by the statute of limitations, was worthless and the bank lost nothing by the surrender. No estoppel arose thereby upon her. The rule of equitable estoppel invoked, that one who places it in the power of a person to do a wrong to an innocent party, is not applicable, because the bank was not innocent in the transaction.

The receiver would not have been entitled to a recovery on its accommodation indorsement any more than the bank would have been itself, McConnell v. McCleish & Thomas, 159 Tenn., 520, 19 S. W. (2d), 251; and for the reason heretofore given the complainant cannot recover.

It results that the dismissal of the bill as to Mrs. Davis was correct, and the decree appealed from as to her is affirmed.

Faw, P. J., and Crownover, J., concur.