OBION VALLEY LAND & INVESTMENT CO. *v.* SOUTHERN
GENERAL LIFE CO. *et al.*

(*Jackson,* April Term, 1938.)

Opinion filed March 4, 1939.

HUDGINS & HUDGINS, of Union City, for complainant.

JOSEPH L. FRY, of Union City, for defendant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by the complainant to establish its title to four tracts of land in Obion County claimed by the defendants. The chancellor sustained the bill and the defendants have appealed. The case was tried on a stipulation of facts and appeal therefore came directly to this court. Formerly the complainant, Obion Valley Land & Investment Company, was the owner of four tracts of land referred to in this record as tract No. 65, composed of 1480 acres; tract No. 68, composed of 250 acres; tract No. 54, composed of 1089 acres, and tract No. 42, composed of 115 acres. All these tracts were within the boundaries of a drainage district set up in compliance with the law.

Prior to final assessment of its lands for drainage taxes, the complainant filed exceptions in due form pointing out that 200 acres of tract No. 65, 25 acres of tract No. 68, 90 acres of tract No. 54, and 15 acres of tract No. 42 would receive no benefit from the drainage project, since such portions of said tracts would lie between the Obion River and the proposed drainage district levee,

would be subject to overflow, and in no way bettered. These exceptions were sustained, and upon the hearing in the county court it was adjudged with respect to all four of the original tracts that the exceptions of complainant be sustained because part of said tracts lay between the river and the proposed levee. It was adjudged that 200 acres of tract No. 65 "be sustained to the extent of 200 acres and which 200 acres so lies between the river and the proposed levee, and shall not be assessed because not benefited." Similar language was used to exclude from assessment 25 acres from tract No. 68, 90 acres from tract No. 54, and 15 acres from tract No. 42.

The assessment roll filed in the office of the county court clerk of Obion County pursuant to the foregoing judgment listed tract No. 65 as containing "1280 acres" —1480 minus 200; tract No. 68 as containing "225 acres" —250 minus 25; tract No. 54 as containing "999 acres"— 1089 minus 90; tract No. 42 as containing "100 acres" —115 minus 15.

Although the aforesaid exceptions were sustained and the acreage of each tract subject to assessment thus reduced, the boundaries of the original tracts, showing the larger acreage, as these boundaries appeared in the engineer's report, were not changed on the assessment roll.

So the matter stood and bonds issued by the drainage district being in default, a suit was brought by the bondholders and the drainage district to enforce collection of delinquent assessments. Complainant here was delinquent along with many others owning land within this district. In these proceedings complainant's lands were finally sold under orders of the chancery court and passed by different conveyances to the defendants herein. As we read the stipulation of facts, the pleadings in the

chancery court case, the decree therein, the clerk and master's deed, and other deeds in defendant's chain of title follow the descriptions contained in the assessment roll heretofore referred to. That is, these descriptions show the original outside boundaries of the several tracts of land but show the acreage contained in these tracts after complainant's exceptions were sustained and such portions of such tracts as lay between the river and the levee excluded from assessment.

The contention of the defendants is that they bought the tracts of land described by outside boundaries from a predecessor who acquired these lands at a court sale. It is said that the court had jurisdiction of the controversy, the parties, and the land, and that the decree of court under which the defendants claim title finally settled such title extending to the outside boundaries of such tracts.

We think this contention can not be sustained. We have quite recently observed, considering a description of land, that the call for quantity may sometimes be resorted to for the purpose of locating and identifying the land. *Phoenix Mut. L. Ins. Co.* v. *Kingston Bank & Trust Co.*, 172 Tenn., 335, 112 S. W. (2d), 381. The quantity called for in the decree and deed under which defendants claim excludes such portions of these tracts of land as lie between the levee and the river.

But apart from this, the chancery court proceedings under which defendants claim title is based on the assessment of lands included in this drainage district. The lands here in dispute were by the county court in so many words excluded from any assessment for this drainage project. It has been held in numerous cases, and it seems self-evident, that there cannot be a valid

sale for taxes or assessment on land that is not subject to such taxes or assessment. Page and Jones on Taxation by Assessment, section 1073; Cooley on Taxation (4 Ed.), section 621; 61 C. J., 1132. For a stronger reason, there can not be a valid sale stretching an assessment to include land expressly excepted from that assessment.

The rule of *caveat emptor* applies to purchasers at a judicial sale. *Hously* v. *Lindsay*, 57 Tenn. (10 Heisk.), 651; *Williams* v. *Burg*, 77 Tenn. (9 Lea), 455; *State* v. *Hill*, 87 Tenn., 638, 11 S. W., 610. It was incumbent upon those claiming title to these lands under the chancery court proceedings to enforce the assessment to look to the organization of this drainage district, to ascertain the regularity of the proceedings and their scope. All this is directly in the chain of this title. An examination of the proceedings setting up this district and the levy of the assessment would readily have disclosed that the lands here in controversy were not assessed. That such lands could not be sold for an encumbrance never placed upon them.

The chancellor reached the conclusion above indicated and his decree is in all respects affirmed.