**Mary W. GROVES et al.**

v.

**David A. WITHERSPOON et al.**

**Civ. A. No. 8432.**

United States District Court,
E. D. Tennessee, N. D.

April 29, 1975.

E. Bruce Foster, Knoxville, Tenn., for plaintiffs.

W. E. Michael Sweetwater, Tenn., William B. Felknor, Maryville, Tenn., Harold Wimberly, Jr., Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This case was recently remanded to this Court "for determination of wheth-

er or not defendant Cumberland Capital Corporation was a bona fide purchaser for value of the subject property."

Our original opinion, 379 F.Supp. 52, D.C.Tenn., contains the following findings and conclusions relating to Cumberland Capital Corporation:

"With respect to Cumberland Capital Corporation, who asserts that it is a *bona fide* purchaser of the property, we hold that it could obtain no better title than was passed to its mortgagor.

"If the title executed pursuant to the Chancery action was merely voidable, or contained some other latent defect which was outside this defendant's chain of title of which it had no actual or constructive notice, then Cumberland Capital's argument could rest on a sound foundation. See e. g. *Strong v. Efficiency Apartment Corporation*, 159 Tenn. 337 [17 S.W.2d 1] (1929).

"Here, however, the title purportedly passed by the Chancery Court to Marshall, then to David and finally to this defendant was rendered void by David's fraud and not merely voidable. If the instrument purporting to convey title is absolutely void then it is void as to any of those claiming under it. See *Swan v. Castleman*, 63 Tenn. 257 (1874). It is for this reason that Cumberland Capital cannot prevail in its defense. See also *Cannon Mills, Inc. v. Spivey*, 208 Tenn. 419 [346 S.W.2d 266] (1961); *Obion Valley Land Investment Co. v. Southern General Life Co.*, 174 Tenn. 353 [125 S.W.2d 482] (1939); *Middle Tennessee Bank v. McKennon*, 20 Tenn.App. 416 [99 S.W.2d 564] (1936)."

We have reexamined portions of the record, including the recent briefs filed by the respective parties, and accordingly make and adopt the following additional findings of fact:

The five notes giving rise to the alleged vendor's lien were signed by Thomas P. Witherspoon when he had been formerly adjudged an incompetent. Additionally, the notes were not signed by the plaintiffs in this action.

Thomas Witherspoon, Jr. died in Knox County on March 31, 1967, when he left a will naming David A. Witherspoon his sole legatee and devisee. By virtue of that will, David A. Witherspoon became a tenant in common with these plaintiffs in the property in litigation.

The amended and supplemental bill alleges that Thomas P. Witherspoon, Jr. had devised to David his one-fourth interest in the land in litigation, making him a cotenant with his nieces and nephews against whom he sought foreclosure. There was no disclaimer by David of his inherited one-fourth interest.

The record before Cumberland Capital showed that plaintiffs were not notified of the judicial sale proceedings. The rule docket of the Chancery Court, through which the property was sold, does not contain any entry that the Clerk and Master mailed to plaintiffs notice of the pending litigation in accordance with the requirements of T.C.A. Section 23–646.

There was no suggestion of insolvency of the estate and sale of this interest to pay David Witherspoon's claimed indebtedness.

The deed from Robert C. Marshall and wife (Robert C. Marshall was a straw purchaser used by David to buy in the property at the Chancery Court sale) to David A. Witherspoon was recorded prior to the deed from Henning, Clerk and Master, to Robert C. Marshall.

The order confirming the sale of the property to Robert C. Marshall showed that the property was acquired for a consideration of $15,000.00, when the record clearly showed that it was worth much more than that figure.

Cumberland Capital Corporation valued the land at $340,000.00 and made a loan of $125,776.00 on the property to

458

David A. Witherspoon eight days after he acquired it for $15,000.00. This same party also had in its file a financial statement of David A. Witherspoon in which he valued the property at $600,000.00.

■ Cumberland Capital Corporation had knowledge or should have acquired knowledge that David A. Witherspoon acquired the property for a grossly inadequate consideration, by reason of the deeds recorded in the Office of the Register of Deeds of Knox County and by reason of the records of the alleged foreclosure proceedings in the Chancery Court, and also from the records of proceedings in the County Court of Knox County, Tennessee, relating to the incompetency of Thomas P. Witherspoon, Jr., and by reason of the records of the Probate Court for Knox County, Tennessee, relating to the execution of the will of Thomas P. Witherspoon, Jr., Cumberland Capital Corporation was charged with knowledge as a matter of law of the defective title of David A. Witherspoon and, therefore, Cumberland Capital Corporation is not entitled to assert the position of a bona fide purchaser for value.

■ Where a Clerk and Master's deed is shown in a chain of title, a title examiner should check the regularity of the Chancery Court proceedings. One who buys property at a Chancery sale, or who claims through such a buyer, is charged with ascertaining that the Court making the sale has jurisdiction under the pleadings to make the sale, that all persons who owned interest in the land were properly before the Court, and that the parties to the action have good title to the property. See Gibson, Suits in Chancery, 5th Ed. § 686.

■ The purchaser of real property searching the title to land is charged with notice of every matter of record connected with or affecting the title which appears by recital, by reference, or otherwise, on the face of any deed or any other record which forms an essential link in the chain of title. Gibson, Suits in Chancery, 5th Ed., § 87, p. 125. See Cannon Mills v. Spivey, 208 Tenn. 419, 346 S.W.2d 266 (1960); Middle Tennessee Bk. v. McKennon, 20 Tenn.App. 416, 99 S.W.2d 564 (1936); Obion Valley Land & Investment Co. v. Southern General Life Co., et al., 174 Tenn. 353, 125 S.W.2d 482 (1939).

Cumberland Capital Corporation is charged with notice of David A. Witherspoon's tenancy in common with the plaintiffs which would preclude his buying the property other than as a constructive trustee for these plaintiffs, as well as notice of the fact that plaintiffs had not been notified of the Chancery Court proceedings. Also, it is charged with notice that the estate of Thomas P. Witherspoon had not been properly administered and that his interest in the property had not been sold to satisfy the debt due from his estate; that the plaintiffs were not signatories to the notes by which their land was allegedly sold; that there was nothing in the deed or in the notes showing intent on the part of E. F. Witherspoon to retain a lien on the land conveyed to them; and, the property had been sold by the Clerk and Master at a grossly inadequate price, which Cumberland Capital Corporation knew or should have known was a grossly inadequate price, to one who was a tenant in common with the plaintiffs.

Cumberland Capital Corporation is charged with the notice of the incompetency of Thomas P. Witherspoon, Jr. on the date the alleged notes were signed. See Pritchett v. Plater Co., 144 Tenn. 406, 432, 232 S.W. 961 (1920); Jackson v. Van Dresser, 188 Tenn. 384, 392, 219 S.W.2d 896; Hinton v. Robinson, 51 Tenn.App. 1, 364 S.W.2d 97 (1962).

This Court, therefore, must conclude that defendant Cumberland Capital Corporation was not a bona fide purchaser for value of the real estate involved in this litigation.