### UNITED STATES v. STEWART.
### No. 25.

District Court, D. Nevada.
Nov. 14, 1939.

Miles N. Pike, of Reno, Nev., for plaintiff.

Quayle & Gill, of Ely, Nev., for defendant.

NORCROSS, District Judge.

This is a suit by plaintiff to recover a judgment against defendant in the sum of

nine hundred seventy-eight dollars and fifty cents ($978.50) with accrued interest.

The complaint alleges that "Defendant owes the Plaintiff" the amount stated "for money paid * * * to defendant by mistake" by an Assistant Postmaster at Tonopah, Nevada, on January 3, 1936, under the following circumstances:

"(a) That on February 14, 1934, and prior thereto, one Ida M. Doan was the owner of a postal savings account and deposit * * *." The first deposit made and certificate issued is of date January 31, 1933.

"(b) That on February 14, 1934, Ida M. Doan executed an instrument designated a Depositor's Authorization, in the following words and figures:

" 'Form PS 304
(Sept. 1928)
" 'Post Office Department
" 'Third Assistant Postmaster General
" 'Postal Savings System

" 'Depositor's Authorization to Postmaster to Make Payment to a Representative of Postal Savings Certificates, Together with Any Interest Due
* * *

" 'You are hereby authorized to pay to Oline Stewart

(Name of representative)
the principal of all certificates enumerated on the reverse of this form, transmitted herewith properly indorsed, together with all interest due.
* * *
" '                Ida M. Doan

(Signature or (x) mark of depositor)' "

"(c) That Ida M. Doan died at Tonopah, Nevada, on December 10, 1935."

"(d) That on January 3, 1936, * * *. Oline C. Stewart * * * presented that certain instrument * * * to Grace F. Malone, Assistant Postmaster * * * for payment."

"(e) That by virtue of the presentation * * * and pursuant thereto, the said Grace F. Malone, * * *, mistakenly believing the aforesaid Depositor's Authorization to be the proper form for use in the premises, paid to the said Oline C. Stewart, * * * the total sum of * * * $978.50."

"(f) * * *."

Defendant's answer sets up what is designated as four several defenses and a counterclaim praying "that such payment be now confirmed, approved and adjudged to have been proper and equitable in the circumstances."

Defendant's "First Defense" reads:

"The complaint fails to state a claim against Defendant upon which relief can be granted."

Called as a witness by defendant at the trial Mrs. Malone, the assistant postmaster, subject to objection and reservation of ruling thereon, testified: "Mrs. Doan came to open a postal savings account and she wanted to know if there was any form that we could use by which she could authorize some one to get this money. This postal savings account she wanted to go to a particular person and we had been using this pink form—by mistake * * * and I thought that I could use it and I gave her the pink slip for this purpose. * * * She said she wanted this person to receive this money after her death. If anything happened to her—that is what she said."

Subject to objection and reservation of ruling, defendant at the trial offered in evidence copies of papers filed in the District Court of the State of Nevada in and for the County of Nye, In the Matter of the Estate of Ida Doan, Deceased, by the terms of which the United States Attorney entered "Appearance of The United States" and "Demand that money in the possession of Oline Stewart be restored to the Estate of Ida Doan * * * representing the Postal Savings Account of Mrs. Ida Doan, deceased, * * *."

A preliminary and controlling question of law is presented whether ownership of the postal savings account of Ida Doan, deceased, as between the defendant and heirs at law or the estate of said decedent can be determined in this action.

The precise question here involved appears never to have been directly passed upon by any Court. The question is whether a suit may be maintained by the United States against a person alleged to be not lawfully entitled to the same, who has received postal savings deposits, where such receipt is alleged to have been wrongfully obtained by reason of mistake upon the part of a postal official.

It clearly appears from the statute controlling and from decisions dealing with other questions, that postal savings deposits are trust funds and never pass into the Treasury of the United States or become the property thereof. 39 U.S.C.A. §§ 751,

758, 759, 762, 765, 767; Leka v. United States, 69 Ct.Cl. 79; Bell-Dowlen Mills v. Draper, 169 Tenn. 112, 83 S.W.2d 247, certiorari denied 296 U.S. 633, 56 S.Ct. 156, 80 L.Ed. 450.

 Section 751, supra, provides for a board of trustees consisting of the Postmaster General, the Secretary of the Treasury and the Attorney General, "for the control, supervision, and administration of the postal savings depository offices * * * and of the funds received as deposits at such postal savings depository offices by virtue thereof." Section 759, supra, among other matters provides: "Postal savings funds in the treasury of said board shall be subject to disposition as provided in this chapter, and not otherwise." This section also provides for the deposit of such funds "in solvent banks, whether organized under national or State laws * * *." By section 762, supra, it is provided that: "Postal savings depository funds shall be kept separate from other funds by postmasters and other officers and employees of the Postal Service, * * *." Section 767, supra, provides:

"The final judgment, order, or decree of any court of competent jurisdiction adjudicating any right or interest in the credit of any sums deposited by any person with a postal savings depository * * shall, upon submission to the Postmaster General of a copy of the same, * * * be accepted and pursued by the board of trustees as conclusive of the title, right, interest, or possession so adjudicated, and any payment of said sum in accordance with such order, judgment, or decree shall operate as a full and complete discharge of the United States from the claim or demand of any person or persons to the same."

The section last quoted appears clearly to deal with situations which may arise where controversies exist respecting claimed rights to all or a portion of postal savings deposits. As such deposits are trust funds and not the property of the United States, it follows that any controversy between parties claimant respecting the ownership thereof remains within the jurisdiction of local State or Territorial Courts, unless for other reasons, such as amount involved and diversity of citizenship, jurisdiction might also be within a Federal District Court.

 It is the conclusion of the Court, that this Court is without jurisdiction to determine the questions of fact and law presented in this suit or to grant to either party the relief respectively prayed for. The suit should be dismissed.

It is so ordered.