Turley v. Taylor.

W. H. TURLEY v. N. G. TAYLOR et als.

CHANCERY PRACTICE AND PLEADING. *Creditor's Bill. Return of nulla bona.* The defense that in order to sustain a judgment-creditor's bill, under the Code, section 4282, *et seq.*, it is necessary to show the return of an execution on the judgment unsatisfied in whole or in part, if it be a defense at all, is to the jurisdiction and waived by answer.

FROM CARTER.

Appeal from the Chancery Court at Elizabethton. H. C. SMITH, Ch.

H. M. FOLSOM for complainant.

C. J. ST. JOHN for defendants.

COOPER, J., delivered the opinion of the court.

On the 9th of November, 1875, this bill was filed by complainant, as a judgment-creditor of defendant Taylor, to subject to the satisfaction of the judgment, a claim of several thousand dollars in favor of Taylor, allowed against an estate, in an administration suit, by the decree of the Chancery Court, affirmed by this court. The bill alleges that a part of complainant's judgment has been paid, leaving the sum of $5,150.56 due and unpaid. That Taylor has no property, real or personal, subject to an execution at law, "as is fully shown by the return of the sheriff on an execution from the Circuit Court in favor of A. L. Maxwell against N. G. Taylor." The bill prayed and obtained an injunction, inhibiting the defendant from

selling, transferring, or assigning the claim sought to be reached. Taylor answered the bill, admitting the complainant's judgment and the amount due thereon as charged, and admitting also the recovery in his favor sought to be subjected. He denies that he is without property, real or personal, subject to execution, and says that when the sheriff came to him with the Maxwell execution, he informed him that he had no personal property, but had lands which he could levy upon, and gave him a description of them. That he knows nothing of the officer's return, but insists that it is not conclusive, and only *prima facie* evidence of the fact returned. And he claims the right to show that the return is untrue. The only evidence introduced was the return of the sheriff of Carter county on the Maxwell execution, made on the 27th September, 1875, thus: "Search made, and no property of the defendant to be found in my county upon which to levy this *fi. fa.*" On the final hearing, the Chancellor dismissed the bill, and the complainant appealed.

The complainant's judgment was rendered by this court in Knox county, and the bill is filed in Carter county, where the principal defendants reside. The act of 1832, brought into the Code, section 4282, *et seq.*, gives the Chancery Courts exclusive jurisdiction to aid a judgment-creditor to subject to the satisfaction of his judgment, "the property of the defendant which cannot be reached by execution." It expressly authorizes the judgment-creditor, "whose execution has been returned unsatisfied in whole or in part," to file a bill and acquire a lien. It has been held that the juris-

Turley *v.* Taylor.

diction is not in aid of an execution, and therefore a return of *nulla bona* in the county in which the judgment was rendered, will sustain a bill in any other county. *Embree* v. *Reeve*, 6 Hum., 37; *Riddle* v. *Motley*, 1 Lea, 468. It is almost certain that a similar return to an execution issued to the county in which the bill is filed, would be equally efficacious. *Stark* v. *Cheatham*, 2 Tenn. Ch., 300. The return has in fact been treated as a form, only material because it is made by the statute sufficient evidence to sustain a bill. *Esselman* v. *Wells*, 8 Hum., 482, 487. It has never been held to be the only evidence of the fact shown by the return. Be this as it may, the defense that there is no such return is to the jurisdiction, and must be made by motion to dismiss, demurrer, or plea in abatement. Code, sections 4309, 4321. The defendant makes no such point, and only puts in issue, by the answer, the fact of which he concedes that the return on the Maxwell execution is *prima facie* evidence. This admission throws the burden of proof on him, and he has made none. Besides, he does not say that he owns any realty in Knox county, and the issuance and return of an execution to that county would be a mere form.

Reverse the decree, with costs, and render the proper decree here.