B. V. NICELY, Admr., et al. v. LAWRENCE NICELY, et al.

Eastern Section. July 14, 1928.

No petition for Certiorari was filed.

Hodges & Creekmore, of Knoxville, for appellant.
White & Leonard, of Knoxville, for appellee.

PORTRUM, J. The above styled cause was filed in the chancery court at Rutledge to wind up and administer the estate of N. P. Nicely, deceased, in an insolvency proceeding. J. P. Nicely had been a contractor in the City of Knoxville and had built on his own account several residences, for sale. In the construction of these residences the appellant, Economy Plumbing & Heating Company had furnished material and done the plumbing required under a contract with Nicely. At the time of Nicely's death some of these contracts had been completed and the contract price was due, and the Economy Plumbing & Heating Company claimed a lien upon the premises to secure the contract price.

The Economy Plumbing & Heating Company filed its petition in this cause, setting out its contract and the facts surrounding the same, and averring that the time had not expired in which it could perfect its mechanic's lien and praying that a lien be adjudged and that attachment issue to be levied upon the premises described. An attachment in fact issued upon the order of the Honorable Charles Hays Brown, Chancellor, at Knoxville, but was not served, due to the fact that Roy H. Beeler, attorney in the insolvency proceeding signed the following return agreement:

"Return.

"Due and legal service of this attachment acknowledged on behalf of B. V. Nicely. This June 5, 1925. Roy H. Beeler, Attorney.

"I accept and acknowledge service this June 5, 1925. W. L. Mitchell, Attorney, by A. E. Mitchell, Attorney."

It appears that Mitchell was interested in the Nicely insolvency proceeding. At this time all the assets of Nicely were subject to the administration of the chancery court in this cause, and a receiver was appointed to take charge of the assets in behalf of the administrator and the creditors.

Some months after the filing of this petition, which had been answered by the administrator, and after the twelve months had expired in which time the petitioner had to perfect his lien, the Knoxville Savings & Loan Bank filed a plea in abatement to the attachment on the ground that no levy had ever been legally made, and this plea, coming on to be heard before the Chancellor, it was sustained, and thereupon the court adjudged that the Economy Plumbing & Heating Company had failed to mature its mechanic's lien and, therefore, its claim stood upon the ground of all general creditors and unsecured claims.

It has appealed to this court and assigned the action of the Chancellor in disallowing its mechanic's lien as error.

It is insisted that no actual levy of the attachment was necessary; that the property, which was accurately described in the petition, was in the custody of the court. Since the property was in the custody

of the court and was not subject to levy of an attachment, the court should have adjudicated this claim as if there had in fact been a proper levy.

The original purpose of an attachment is defined in Bouvier's Law Dictionary as follows:

"Taking into the custody of the law the person or property of one already before the court, or one whom it is sought to bring before it."

It appears that nothing would have been brought before the court by the actual levy of this attachment, due to the fact that the property was in custodia legis. The bill to administer the assets of the estate as an insolvent estate brought all of the property of the estate into the custody of the court. The ordinary rule is that attachment cannot be levied upon property in custodia legis, and such a levy creates no lien and is ineffective.

"No lien is required under an attachment made after the court has taken charge of the attached property, although its receiver has not taken actual manual custody thereof. McDonald v. Short, 93 Tenn. 281, 24 S. W. 252.

"The assets of an insolvent partnership should be divided pro rata among all creditors of the partnership, and a judgment creditor of the firm by attaching the firm assets already in the custody of the law for distribution under the attachment bill of the administrator of a deceased partner, will not acquire a right to priority of satisfaction over the other partnership creditors." Watkins v. Fakes, 5 Heiskell 185.

This question was directly before the Supreme Court in the case of Hessig-Ellis Drug Co. v. Stone, 129 Tenn., 608. It said:

"Without deciding whether it is necessary, in a case like this, for attachment to actually issue and be levied upon the property upon which the lien is claimed, it is clear that the petition does not contain a description of such definiteness as will take the place of the attachment. It would seem to be an idle ceremony to have attachment issued and be levied upon property in the hands of a receiver appointed in the case in which the attachment is sued out, but it is necessary that the petitioners identify the particular property upon which the lien is claimed by description in the petition or by description in the writ of attachment if it is issued and levied. . . . It is necessary therefor the petitioner to specifically describe the property upon which the lien is claimed, together with the statement of the nature of the lien, or it is necessary that a writ of attachment issue and be levied."

In this case, the property is definitely described with a statement of the nature of the lien.

The attachment authorized by the statute for the enforcement of the liens of mechanics and furnishers is not ordinary or ancillary

process. It is extraordinary process not to be issued except on the order of a judge or Chancellor. It cannot be used to bring the defendant into court. Warner v. Yates, 118 Tenn. 548, 102 S. W. 92.

We are of the opinion that since the property is brought into the custody of the court by the filing of the insolvency proceeding, it is not necessary for the contractor to have the attachment in fact levied when he files a petition in the insolvency proceeding for the express purpose of maturing his lien.

The Chancellor, therefore, was in error in sustaining the plea in abatement and in denying to the petitioner its mechanic's lien. The case is, therefore, remanded in order that the Chancellor may pass upon the question of whether or not the petitioner is entitled to a mechanic's lien from the facts and to make such order of distribution of the funds as is necessary after the determination of these issues. The case is brought to this court under a designated record to review the action of the Chancellor in sustaining the plea in abatement. The costs of the appeal will be paid out of the funds of the estate.

Snodgrass and Thompson, JJ., concur.