BELL-DOWLEN MILLS *v.* DRAPER *et al.*

(*Jackson,* April Term, 1935.)

Opinion filed June 10, 1935.

True & Dorsey, of Springfield, for appellant.

Earl Swann and Charles Willett, both of Springfield, for appellees.

114

Mr. Chief Justice Green delivered the opinion of the Court.

This bill was filed by a judgment creditor of the defendant to reach a deposit of the latter in the United States Postal Savings Depository System. The chancellor rendered a decree in favor of the complainant for the amount of its several judgments against defendant, but, being of opinion that he was without jurisdiction to go further, dismissed the bill as to other relief sought.

The chancellor's findings of fact are not excepted to, and disclose that the complainant recovered three judgments against the defendant before a justice of the peace aggregating $2,685.50. These judgments were based on notes executed by defendant's husband to complainant for an indebtedness due it from him, which notes were signed by defendant. The judgments remain unpaid and executions thereupon against the defendant have been returned *nulla bona*.

Prior to the filing of the bill herein, the defendant deposited at the Springfield, Tennessee, post office or depository $1,495, which sum is still to her credit in the United States Postal Savings Depository System.

It is conceded that the Postal Savings Depository System is an agency of the United States Government, and it is conceded that compulsory process cannot issue from a Tennessee court to subject defendant's deposit to the satisfaction of the decree herein. The Acts of Congress creating this federal instrumentality contain nothing authorizing suits against it. U. S. C., title 39, sections 751-769 (39 U. S. C. A., sections 751-769). It would profit complainant nothing to order the de-

livery by defendant of her certificate of deposit, since that instrument appears to be not negotiable and not transferable.

Counsel insist that, although process may not issue to enforce it, a decree should be made adjudging that complainant is entitled to have this postal savings deposit appropriated in part payment of complainant's adjudicated claim. Counsel refer us to U. S. C., title 39, section 767 (39 U. S. C. A., section 767), as follows:

"The final judgment, order, or decree of any court of competent jurisdiction adjudicating any right or interest in the credit of any sums deposited by any person with a postal savings depository if the same shall not have been appealed from and the time for appeal has expired shall, upon submission to the Postmaster General of a copy of the same, duly authenticated in the manner provided by the laws of the United States for the authentication of the records and judicial proceedings of the courts of any State or Territory or of any possession subject to the jurisdiction of the United States, when the same are proved or admitted within any other court within the United States, be accepted and pursued by the board of trustees as conclusive of the title, right, interest, or possession so adjudicated, and any payment of said sum in accordance with such order, judgment, or decree shall operate as a full and complete discharge of the United States from the claim or demand of any person or persons to the same."

The argument is that upon an appropriate decree of this court the complainant might go before the board of trustees of the Postal Savings Depository System and have defendant's deposit applied in part satisfaction of that decree.

 The chancellor properly declined to pass any formal decree undertaking to subject this postal savings deposit to complainant's demand, since such a decree would have been unenforceable. However, we think the chancellor might have made a declaration in complainant's favor.

The Tennessee Declaratory Judgments Act, Code, section 8835, provides that "Courts of record within their respective jurisdictions shall have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."

The statutes of Tennessee fix the rights of the parties and the status of the fund in question under circumstances such as are here present. Code sections:

"10353. The creditor whose execution has been returned unsatisfied, in whole or in part, may file a bill in chancery against the defendant in the execution and any other person or corporation, to compel the discovery of any property, including stocks, choses in action, or money due to such defendant, or held in trust for him, except when the trust has been created by, or the property so held has proceeded from, some person other than the defendant himself, and the trust is declared by will duly recorded or deed duly registered.

"10354. The court has power to compel the discovery, and to prevent the transfer, payment, or delivery of the property, and to subject the same to the satisfaction of the judgment or decree, whether such property could, if in the defendant's possession or with the title vested in him, be levied upon by execution or not.

"10355. The court is empowered, also, to order all such bonds and other instruments to be executed by either the complainant or defendant, and all such transfers to

be made as may be necessary to carry the jurisdiction into complete effect.

"10356. The creditor has a lien *lis pendens* upon the property of defendant situated in the county of suit, if properly described in the bill of complaint, on the filing of the bill, so far as concerns the pursued defendant; and he may have a lien *lis pendens* upon all property, so described, as against *bona fide* purchasers and encumbrancers, for value, upon registration of an abstract of the claimed lien as provided by this Code."

If the Postal Savings Depository System were not a government agency, the courts of Tennessee would subject this deposit made by defendant in the Springfield office to the complainant's decree. The complainant would have a lien on such deposit as of the date of the filing of its bill. Code, section 10356; *Cowan, McClung & Co.* v. *Dunn,* 1 Lea (69 Tenn.), 68; *Jordan* v. *Everett,* 93 Tenn., 390, 24 S. W., 1128; *Roberts* v. *Frogge,* 149 Tenn., 181, 258 S. W., 782.

We so declare complainant's right. Whether this is a "right or interest in the credit" of the defendant in the Postal Savings Depository is a question to be determined, in the first instance at least, by the trustees of that system under U. S. C., title 39, section 767 (39 U. S. C. A., section 767).

■ The complainant makes the point that the Congress is without power under the Federal Constitution to pass an exemption law, and insists that such would be the effect of the laws establishing the Postal Savings Depository System, if those laws permitted a debtor to put his property beyond the reach of his creditors by placing his money in such depository. That question is prematurely raised. If the board of trustees denies

the complainant any relief, the question can then be made before a tribunal with jurisdiction of the subject-matter and of the proper parties.

We think the injunction against the defendant from removing her deposit should remain in force for a reasonable time until the complainant has opportunity to pursue its remedy, if any it has, under the federal statute. The cause will be remanded to the chancery court for such further orders as developments in the matter require. Costs so far accrued will be divided between the parties.