ESTES *v.* DOTY.

*(Nashville,* December Term, 1935.)

Opinion filed February 15, 1936.

JAMES C. R. McCALL, JR., of Nashville, for plaintiff in error.

684

ROBERTS & ROBERTS, and RICHARD M. ATKINSON, all of Nashville, for defendant in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Doty, a deputy sheriff, acting under an execution issued by a justice of the peace in the case of *W. Arnstein* v. *Minnie Love et al.,* levied upon an automobile belonging to Angeline Kirkpatrick, a stranger to said suit, and in which the execution debtors had no interest whatever. At execution sale Doty sold the automobile to R. P. Estes for the sum of $26.65 cash, which was paid to Doty. The owner of the automobile, Angeline Kirkpatrick, replevied the same from Estes. Thereupon Estes brought this suit against Doty to recover his damage to the amount of the price paid for the automobile at the execution sale; it being averred that Doty "still holds said sum in his possession, and has not paid the same into court or to the judgment plaintiff."

Doty moved to dismiss the suit "because the warrant shows that plaintiff bought the automobile in question at an execution sale by defendant acting as a deputy sheriff, . . . and that the rule of *caveat emptor* applies in the case." The circuit judge sustained this motion and dismissed the case. From this judgment Estes has appealed to this court and assigned errors. The sole question involved is as to whether the rule of *caveat emptor* applies to defeat plaintiff's case.

█ Undoubtedly the general rule is that a purchaser at an execution sale takes subject to the doctrine of *caveat emptor* and obtains no better title than the execution debtor enjoyed. *Henderson* v. *Overton,* 10 Tenn. (2

Yerg.), 394, 24 Am. Dec., 492; *Leech* v. *Hillsman,* 76 Tenn. (8 Lea), 747; *McCallum* v. *Woolsey,* 65 Tenn. (6 Baxt.), 308, 309; *Evans* v. *Belmont Land Co.,* 92 Tenn., 348, 21 S. W., 670. For additional cases, see Tennessee Encyclopedic Digest, vol. 11, p. 418. Here, however, we have the situation where the purchaser is seeking to recover of the officer the money paid, while it is still in his possession, not having been paid over to the judgment creditor or into court.

In *Whitmore* v. *Parks & Jackson,* 22 Tenn. (3 Humph), 95, 99, it was held that a purchaser at execution sale has no equity which entitles him to recover from the execution creditor the amount of his bid if the title to the property fails. The court said: ''There is no principle which would maintain the decree in this respect, unless we were prepared to hold, that in every instance of an execution sale, the execution creditor is a guarantor to the purchaser of the title to property levied on and sold. So to hold, would be to introduce a new principle in conflict with the long established and well settled opinions on this subject, of all our courts, of the profession, and of the community.''

██ The doctrine of *caveat emptor* precludes any idea of a warranty by the execution creditor or by the sheriff who sells the property under an execution. 23 C. J., 778. Doty, the defendant here, cannot be held liable on the theory that he warranted the title to the automobile sold by him, nor is it claimed that he is liable on any such ground. Plaintiff's theory is that, the amount bid not having been paid over to the execution creditor or into court, and Doty being still in possession of the money paid, under the equitable jurisdiction conferred upon justice of the peace by sections 10136(6)

and 10137 of the Code he is entitled to recover the same from Doty.

In 23 Corpus Juris, 779, the rule is thus stated:

"Recovery from Officer. In case of failure of title, or where the sale is set aside on account of irregularities in the proceedings which renders it void, a *bona fide* purchaser is entitled to recover the purchase price from the officer, if the funds are still in his hand. In such case the officer will not be allowed to retain an amount necessary to cover the expenses of the sale. But it has been held that there is no implied promise by the sheriff at an execution sale to refund the purchase money on the purchaser being evicted."

In 10 Ruling Case Law, 1343, it is stated:

"When a sale under execution proves to be ineffectual, either because the judgment debtor was not the owner of the property sold, or because the execution was void in consequence of which the sale also was void, the purchaser is entitled, as far as the circumstances permit, to be placed *in statu quo*. If the officer who made the sale has not paid over the purchase money to be applied on the execution, the purchaser may recover it from him. . . ."

Under section 8860 of the Code it is provided that in all cases in which property, real or personal, is recovered from the purchaser at execution or master's sale, by the defendant or by third persons, the court rendering the judgment or making the sale may, in its discretion, upon application of such purchaser and *scire facias* sued out, set aside the satisfaction entered and revive the original judgment or decree for the benefit of said purchaser.

In *Owen, Moseley & Co.* v. *Beard,* 3 Tenn. Civ. App.

(3 Higgins), 82, 90, it was held that the remedy by *scire facias* is cumulative and relief may be had by bill in equity.

In the instant case, however, the amount bid at the execution sale was not applied to the satisfaction of the judgment, but remained in the officer's hands when this suit was brought. So the statute is not strictly applicable. We can see no reason why in equity and good conscience the money received by the officer from Estes, and for which Estes received nothing, should not be refunded to him. This conclusion is in no way opposed to the rule of *caveat. emptor* applicable to execution sales.

We are constrained to reverse the judgment of the trial court, and remand the case for further proceedings.