CHUMBLEY *v.* CARRICK *et al.*

(*Nashville,* December Term, 1952.)

Opinion filed January 15, 1953.

JOHN A. CHUMBLEY, of Manchester, for appellant.

DAVID W. SHIELDS, JR., of Manchester, for appellees.

Mr. Justice Burnett delivered the opinion of the Court.

The primary question to be determined in this action is, what is the effect of the levy of an execution on an equitable interest in real property, that is, whether or not this levy is void or voidable.

The cause was heard on bill and answer and deeds, records and pleadings, etc. It is stipulated that the sheriff of Coffee County levied an execution on real property of the defendants to satisfy a judgment recovered against the defendant Lillard Carrick on June 13, 1947. It was returned to the Circuit Court for condemnation, at the August, 1947 Term. An order of condemnation was entered in the Circuit Court and in pursuance thereof an order of sale was given to the sheriff under which the property was offered for sale and was bid in and struck off to John A. Chumbley. A deed was eventually made to him for the property.

At the time of the levy of execution and at the time of sale the property was encumbered by a deed of trust from the defendant Lillard Carrick and wife to R. W. Casey as trustee to secure the payment of a note. This trust instrument was duly recorded in the Register's Office of Coffee County, Tennessee, prior to the judgment and execution thereon and had not been satisfied at the date of execution and sale. On July 26, 1948, this trust instrument was duly discharged and a release made. After the release the Carricks subsequently made another trust deed to David W. Shields, Jr., as trustee to secure the payment of an indebtedness for money borrowed. In the present action the complainant is seeking to obtain possession of the property and attempting to set aside

the trust deed to David W. Shields, Jr., as trustee as constituting a cloud on the title which he claims by reason of the deed from the sheriff made to him on the sheriff's sale above mentioned.

In this State a levy of an execution on land subject to a mortgage is void on its face, as being a levy on an equitable interest, and all subsequent proceedings based on such a levy are a nullity. *Wilkins* v. *Johnson,* Tenn. Ch. App., 54 S. W. 1001.

It is well established in Tennessee and has been the rule of law for more than 100 years that an equitable interest in real estate cannot be levied on by execution and law. *Childs* v. *Derrick,* 9 Tenn. 79; *Planters' Bank* v. *Henderson,* 23 Tenn. 75; *Evans* v. *Belmont Land Co.,* 92 Tenn. 348, 21 S. W. 670, 672; *Allen* v. *Holland,* 11 Tenn. 343.

In 1872 this Court in the case of *Johnson* v. *Roland,* 61 Tenn. 203, 210 said:

"If at the time the levy was made upon the land the deed of trust to Gribble was a valid, subsisting, and unsatisfied deed, it is plain that Johnson and wife acquired no title to the property by virtue of their levy and purchase under such circumstances. *Hannum* v. *Wallace,* 23 Tenn. 143."

In *Evans* v. *Belmont Land Co.,* supra, it was said:

"This court, on the contrary, holds that a purchaser at a sheriff's sale is not to be regarded as 'a purchaser for a valuable consideration.' * * * 'Caveat emptor is the undoubted rule, in relation to titles in cases of execution sales of land.' (Citing authorities.) 'He buys at his peril, and occupies the attitude of a mere assignee by operation of law; nothing is taken in his favor, and he must stand upon

strict law.' (Citing authorities.) The purchaser at execution sale 'must take precisely as the defendant held,—subject to all equities that he was,' etc.'' (Citing authorities.)

Thus it is seen that we follow the principle of the common law which is that no property but that in which the debtor has a legal title is liable to be taken by an execution and it is well settled in the English Courts that an equitable interest is not liable to execution. 1 Vesey, Jun. 431; 8 East, 467; 5 Bos. Npul. 461.

The Courts of the United States in their various States have taken different views on this question. Some State statutes have been passed allowing the levy on an equitable interest but the Legislature of Tennessee insofar as we know or can find by a diligent search have never passed any such statute. This statement is further fortified by the fact that our practice and statutes provide for the levy on an equitable interest when the matter and proper parties are brought before the court and proper prayers prayed in that proceeding. The reason for this common-law rule seemed to be rather strong independently of the authorities heretofore cited and those of other States. Among other reasons the English Courts have very succinctly and cogently remarked that the sheriff could only sell subject to the trusts; that the execution creditor, or the vendee, would still be obliged to go into equity, to get an account, or to redeem prior encumbrances which might be done in the first instance by a judgment creditor, with less expense and delay; besides, the destruction of the debtor's estate, which under so much doubt and difficulty would sell greatly under value, so that a large equitable interest might be exhausted in the satisfaction of the small demand, to the detriment of other creditors.

Our conclusion, therefore, is that the execution and sale of this property subject to a valid and outstanding mortgage was void and that the purchaser at that sale, the sale being void, got no interest therein which would ripen to his benefit upon the mortgage or trust deed being subsequently discharged. The result is that the decree of the Chancellor must be affirmed.