STILL *v.* PENN. THRESHERMEN & FARMERS'
MUT. CAS. INS. CO.

(*Knoxville,* September Term (May Session) 1952.)

Opinion filed June 5, 1953.

MINTER, McLELLAN & TIPTON, of Kingsport, for plaintiff.

WILSON & WORLEY and WILLIAM T. GAMBLE, all of Kingsport, for defendant.

MR. JUSTICE GAILOR delivered the opinion of the Court.

Under the Tennessee Workmen's Compensation Act, Mrs. Thelma Clark Still filed her petition in the Circuit Court of Sullivan County, for compensation for the death of her husband. The defendant is the Workmen's Compensation insurance carrier of Curtis S. Williams, Jr., operator of the Kingsport Machinist School. Holding that the deceased husband of petitioner, Hiram C. Still, was at the time of his death, a casual employee within the definition of Code, Sec. 6856(b), the Circuit Judge dismissed the petition and the petitioner has perfected this appeal.

The relevant facts are not disputed. Curtis S. Williams, Jr., operates the Kingsport Machinist School under the provisions of the Tennessee Workmen's Compensation Act, and so has a policy with the defendant, covering "professors, teachers or professional employees—including clerical office employees," engaged in that operation. Being brought directly against the insurance carrier, this is a suit on the policy, restricted by its definitions and limitations.

The accident occurred on July 15, 1952, on the school premises. Williams called B & S Welding & Supply Company, a Tennessee corporation, and contracted with that corporation to move certain heavy machinery from an old to a new building at the school. The Welding Company had two cranes, a light crane and a heavy one. Williams agreed to pay, and paid to the Company, for "crane service" at the rate of $8 per hour for the light crane, and at $15 per hour for the heavy crane.

The moving operation was commenced on July 14, 1952, at which time E. L. Carr, a crane operator in the employ of the Welding & Supply Company, took the small crane to the School property, and there commenced the moving of the machinery from the old building to the new. At the end of the day on July 14, Carr decided that to move the remaining machinery, the service of the heavy crane would be required. He discussed the matter with Hiram Still, the general foreman of B & S Welding & Supply Company, and a skilled crane operator. On July 15, Still and Carr, with the heavy crane, went to the school property to continue the moving operation.

Both Williams and Carr were eyewitnesses to the fatal accident, and both agree in all material particulars, as to the details of the occurrence. Carr was operating the crane, and as foreman, Hiram Still was giving orders for the operation. Williams was standing by with a number of his students and teachers, but taking no active part in the operation, whatever. Carr testified:

"Q. Mr. Carr, Mr. Still was actually the man who was giving you the directions on when to pick up and how to operate your crane? A. Yes, sir, he was the man that was giving me the signals.

"Q. He gave you the signals? A. Yes, sir.

"Mr. Minter: You mean he gave you the signals when you were operating the crane out there?

"The Witness: Yes.

"Q. (By Mr. Wilson) Mr. Carr, going down to the piece of machinery that was being moved at the time of the fatal accident, Mr. Still was standing out at a place where you could see him clearly? A. Yes, sir.

"Q. He was motioning you and signaling you to pick up that piece of machinery? A. That's right.

"Q. You were operating that crane based on his signals and driections? A. Yes."

As a result of one of the signals which Still, himself, gave, the crane arm was lifted against a high voltage electric wire. Still's hand and arm were resting on the metal crane, through which the electric current passed into the body of Still, killing him instantly.

◼ The answer of the Insurance Company raises two grounds of defense. (1) That Still was at the time, an independent contractor, and (2) that he was a casual employee. The Trial Judge overruled the defense of independent contractor, and held that Still was a casual employee. The Insurance Company did not except to the judgment of the Trial Judge, nor perfect an appeal. Petitioner argues that, therefore, we are precluded from considering the defense of independent contractor. This is not the law. If it was, and if this Court was compelled to affirm a judgment on erroneous grounds of law, its opinions would have small value as legal precedent.

"In order to make and rely upon the foregoing questions, we are of opinion that it was not necessary for the defendant to have appealed from the decree favorable to him, as these were principles of law arising upon the pleadings * * *." *Sheafer* v.

*Mitchell,* 109 Tenn. 181, 193, 71 S. W. 86, 89; *Loftis* v. *Loftis,* 94 Tenn. 232, 237, 28 S. W. 1091; *Butler* v. *Kinzie & Franklin,* 90 Tenn. 31, 15 S. W. 1068; *Hobson* v. *Hobson,* 184 Tenn. 484, 496, 201 S. W. (2d) 659; *Nashville, C. & St. L. Ry. Co.* v. *Jackson,* 187 Tenn. 202, 207, 213 S. W. (2d) 116.

We think on the undisputed evidence, that the Trial Judge erred in holding that at the time of his death, Hiram Still was a casual employee of Williams, within the meaning of the Tennessee Workmen's Compensation Act. The undisputed evidence is that Still was not an employee of Williams at all. He was the general foreman, and an employee of the B & S Welding & Supply Company, a corporation, itself operating under the Tennessee Workmen's Compensation Law, and at the time, the Welding Company was an independent contractor with Williams doing business as the Kingsport Machinist School.

There is no line of evidence in the record that Still had any contract of employment with Williams. The only contract in evidence is an agreement by Williams to pay B & S Welding & Supply Company compensation at a fixed sum per hour, for crane service. In all the cases cited by both sides for and against the proposition that Still was a casual employee, it will be observed that the injured claimant was under contract, and receiving compensation as an individual for the service in the course of which the injury occurred. There is no evidence in this record that Still was receiving any compensation as an individual from Williams. He was an employee of the B & S Welding & Supply Company, and receiving his compensation from that corporation. *Gibbons* v. *Roller Estates, Inc.,* 163 Tenn. 373, 43 S. W. (2d) 198; *Dancy* v. *Abraham Bros. Packing Co.,* 171 Tenn. 311, 102 S. W. (2d) 526; *Harper* v. *Grady Counce & Son,* Tenn. Sup., 250

S. W. (2d) 371; *Brademeyer* v. *Chickasaw Bldg. Co.*, 190 Tenn. 239, 255, 229 S. W. (2d) 323; *Parks* v. *E. M. Carmell Co.*, 168 Tenn. 385, 79 S. W. (2d) 285.

Defendants' policy of compensation insurance is on a standard form and premium is based on the amount of salary and wages paid by Williams to the employees covered by the policy. Although the fact is not determinative of liability, *Brademeyer* v. *Chickasaw Bldg. Co.*, supra, it is in evidence that the amounts paid by Williams to B & S Welding & Supply Company, did not figure in the amount of compensation upon which the premium on the policy was calculated, and Williams not considering Hiram Still an employee, made no returns on him for the Federal Government.

For the reasons stated herein, the assignments of error are overruled, and the judgment is affirmed at the cost of the petitioner.