FRANK GREEN, Plaintiff in Error,

*v.*

STATE, Defendant in Error.

(*Knoxville,* September Term (May Session) 1959.)

Opinion filed September 9, 1960.

Rehearing Denied October 7, 1960.

HAROLD S. DUNCAN, Chattanooga, for plaintiff in error.

WILLIAM D. GRUGETT, Assistant Attorney General, for the State.

462

Mr. Justice Swepston delivered the opinion of the Court.

Plaintiff in error Frank Green, hereinafter called the defendant, was convicted of two offenses of possessing gambling devices, fined $25 and sentenced in each case to 30 days in the county workhouse. The trial judge suspended the workhouse sentence conditioned on good behavior for a period of one year. Approximately two months later on August 24, 1959, the district attorney general filed a petition in said criminal court to revoke the suspended sentence in these cases. At a hearing on August 31, 1959, the trial judge revoked the suspended sentences and ordered defendant to serve the two sentences consecutively.

The defendant prayed an appeal and was allowed 60 days in which to file his bill of exceptions and otherwise perfect his appeal but he did not file a motion for new trial.

The State now moves to dismiss the appeal for such failure to file a motion for new trial as provided expressly in part by T.C.A. sec. 40-2907 in the following language:

"* * * The defendant shall have the right to appeal therefrom to the Supreme Court of this state by filing

his bill of exceptions and motion for a new trial as now provided by law."

T.C.A. sec. 27-201 provides that a motion for a new trial can only be applied for within 30 days from the decree, verdict or judgment sought to be affected, subject to local rules of court providing for a shorter period of time of not less than 10 days.

In response to said motion, however, it is insisted that under T.C.A. sec. 27-303 no motion for a new trial is necessary, because this was a non-jury hearing with reference to the revocation of the suspended sentence.

This provision of T.C.A. sec. 27-303 making unnecessary a motion for a new trial in non-jury cases came into existence with the enactment of the Code Supplement of 1950 amending the 1932 Code Section 10622.

Likewise, the 1950 Code Supplement reenacted the provisions of the existing statute providing for revocation of suspension or parole, including the express language above which requires a motion for new trial.

Accordingly, we have a situation where a general provision of the Code, i.e., T.C.A. sec. 27-303, is in apparent conflict with a special provision, i.e., T.C.A. sec. 40-2907 relating to revocation of suspended sentences. Under those circumstances, we think that *Atlas Powder Co. v. Leister*, 1954, 197 Tenn. 491, 494, 274 S.W.2d 364, 365, is controlling. In that case where an analogous conflict existed, Section 27.1 of the Code Supplement was applied; it provides that Section 13 of the 1932 Code "shall be applicable to this supplement to the code." Section 13 of the 1932 Code reads as follows:

"Conflicts.—If provisions of different chapters or articles of the Code appear to contravene each other, the provisions of each chapter or article shall prevail as to all matters and questions growing out of the subject matter of that chapter or article."

See also *Adams v. Patterson,* 201 Tenn. 655, 301 S.W.2d 362 (workmen's compensation case).

T.C.A. sec. 1-308 provides:

"Code as continuation of existing law.—For the purpose of construction, the provisions of this Code insofar as they are substantially the same as existing law relating to the same subject-matter shall be construed as continuations of and substitutes for the previously existing law repealed by sec. 1-204. It is not the purpose of this Code to change the effect of any such existing law."

Accordingly, we think that a motion for a new trial is necessary in these appeals from the revocation of a suspended sentence or parole despite the general provisions of T.C.A. secs. 27-303 and 27-304.

We accordingly sustain the motion and dismiss the appeal.

### On Petition to Rehear.

The petition to rehear calls our attention to a conflict between the opinion herein filed September 9, 1960 holding that a motion for a new trial is a prerequisite to an appeal from a judgment of a trial court revoking a suspension of sentence, and the opinion filed on the same date in *Leonard Lane v. State of Tennessee* holding such motion not necessary for appeal.

The latter opinion is predicated on a general statement found in *Gaylon v. State,* 189 Tenn. 505, 510, 226 S.W.2d 270, 272, that ''a hearing for a revocation of parole is conducted under the rules applicable to a civil case''. This statement is correct as a general proposition and in its actual context. There was, however, no question of the necessity of a motion for a new trial involved in that case.

The opinion in the Lane case, supra, has been corrected so as to hold that a motion for a new trial is a necessary prerequisite to an appeal from a judgment of the trial court ordering a revocation of suspended sentence.

The petition to rehear is denied.