CANNON MILLS, INC.

*v.*

CLAUDE E. SPIVEY et al.

(*Knoxville,* September Term, 1960.)

Opinion filed March 10, 1961.

Rehearing Denied May 5, 1961.

MILLER, MARTIN, HITCHING & TIPTON, Chattanooga, for petitioners.

GEARINGER, BANKS & HUTCHESON, Chattanooga, for respondent.

MR. JUSTICE FELTS, delivered the opinion of the Court.

This is a general creditors' suit to subject the property of the insolvent debtor, defendant Spivey, for the benefit of complainant and all his other creditors. He made no defense, the bill was sustained, and the cause is being wound up in the Chancery Court.

The part of it brought up by this appeal is a controversy over a lot (Lot 13) of defendant Spivey, described in the bill and lying in the county where he lived and where this suit was brought. Two of his creditors, the American National Bank and Trust Company (Bank) and the New-Tex Hosiery Corporation (New - Tex), claimed priority to this lot or its proceeds. The facts out of which the controversy arose were these:

Complainant, a judgment creditor with a nulla bona return, filed the bill October 18, 1957, on behalf of itself and all other creditors of defendant Spivey. The bill specifically described this lot of his, and prayed for a receiver to take charge of all of his property and that

it be subjected for his debts and that all other creditors be required to prosecute their claims in this cause. No receiver, however, was appointed until sometime later. No injunction or attachment was sought.

On October 23, 1957, the American Oil Company, holder of a general sessions court judgment against defendant Spivey for $548.13, had an execution issued thereon and levied on this lot October 29, 1957. The papers were sent to the Circuit Court and that court condemned the lot and ordered it sold, and the sheriff advertised it for sale on January 10, 1958.

Meanwhile, on November 1, 1957, complainant, acting under the statutes (T.C.A. secs. 20-301, 26-604), caused to be filed for record in the register's office of the county a certified abstract of the bill with the names of the parties and a description of this lot, giving notice of a lien *lis pendens* by virtue of this suit.

On January 10, 1958, the day advertised for the sale, complainant filed in this cause a petition asking for a rule on the Oil Company to show cause why an injunction should not issue restraining it from further proceeding with the sale and requiring it to present its claim in this cause. No hearing, however, was had on the petition that day; but complainant's counsel appeared at the sale and announced that the lot was subject to this suit.

The sale nevertheless proceeded, the lot was sold January 10, 1958, and was bid in by the Oil Company for $300. On January 15, 1958, the Company advanced its bid to the full amount of its judgment, and the sheriff gave it a deed to the lot.

On the same day, the Bank, with a general sessions court judgment against defendant Spivey for $377.79, and

New-Tex, with a like judgment against him for $1,502.73, undertook to redeem the lot, under T.C.A. sec. 64-808, paid the Oil Company the amount of its judgment, and it deeded the lot to them.

Later, they were made defendants to this suit and filed answers claiming priority to the lot as redeeming creditors. A consent order was entered agreeing that the lot be sold and the proceeds held subject to same rights or priorities the parties would have had to the lot. It was sold for $10,100. The creditors' claims totaled over $50,000.

The Bank and New-Tex claimed that the filing of the bill without an attachment, injunction, or receiver, did not fix a lien on the lot, but left it open to levy and sale by an execution creditor; that the Oil Company, by its levy and sale, got a good title to the lot, subject only to the right of another creditor to redeem; and that when they redeemed from the company, they took title, and are entitled to priority in the fund.

The Chancellor held that the filing of the bill, and the filing of the notice *lis pendens* November 1, 1957, fixed a lien on the lot as of that date; that the Oil Company, by its levy of October 29, acquired a prior lien to the amount of its debt; but that the lien of the creditors under the *lis pendens* was prior to the right of the Bank and New-Tex as redeeming creditors; and he accordingly denied their claim of priority.

They appealed to the Court of Appeals. That Court held that on the filing of the bill, without an attachment, and the filing of the *lis pendens* November 1, 1957, under T.C.A. sec. 26-604, a lien was fixed on the lot for the benefit of complainant and all other creditors, and that

such lien was prior and superior to any right acquired by appellants when they undertook to redeem on January 15, 1958; and the Court affirmed the Chancellor's decree.

They filed a petition for certiorari and insist that no lien was fixed on the lot by the filing of the bill without an attachment; that the filing of the notice *lis pendens* did not perfect a lien barring their statutory right to redeem from the Oil Company, because it had acquired a good title, free from, and superior to, the lien *lis pendens* of this suit; and that the Court of Appeals should have so held and decreed them priority in the fund.

■ We agree with the conclusion of both courts in denying petitioners priority, but upon a somewhat different ground. This being a suit by a judgment creditor upon a nulla bona return to subject property of the debtor, and so within the equity jurisdiction as extended by our statutes, we think that the lot was impounded, or a lien fixed on it, on October 18, 1957, by the filing of the bill without an attachment; and that thereafter no creditor could acquire any priority but all must share pro rata in the proceeds.

■ The rule in equity is that when a bill is filed to reach specific property, invoking the inherent jurisdiction of equity or the jurisdiction as extended by 1858 Code secs. 4283-4288 (now T.C.A. secs. 26-601 to 26-604, 23-1001, 23-1009), a lien is fixed on the filing of the bill, without an attachment. Such property, specifically described in the bill, is impounded on the filing of the bill as fully as if an attachment had been levied, such writ being superfluous. *Roberts v. Frogge,* 1923, 149 Tenn. 181, 187-190, 258 S.W. 782, 784.

In that case this rule underwent thorough consideration, and Chief Justice Green reviewed our prior cases on the subject. He said:

"A bill to set aside a fraudulent conveyance and to subject property to the demands of a creditor fastens a lien on such property from the filing of the bill, and such lien is superior to the lien of a subsequent attachment. *August & Bing v. Seeskind,* 46 Tenn. (6 Cold.), 166; *Brooks v. Gibson,* 75 Tenn. (7 Lea), 271. This was true as to such a bill by a judgment creditor prior to the enactment of chapter 11 of the act of 1832 carried into the Code of 1858 at section 4283 et seq. *Peacock v. Tompkins,* Meigs (19 Tenn.), 317.

\* \* \* \* \* \*

"A bill by a judgment creditor upon a *nulla bona* return to appropriate specific personal property to the satisfaction of his judgment fixes a lien upon the property from the filing of such bill. *Cowan, McClung & Co. v. Dunn,* 69 Tenn. (1 Lea), 68.

\* \* \* \* \* \*

"In *Jordan v. Everett,* supra [93 Tenn. 390, 24 S.W. 1128], speaking of these cases, it was said: 'The proceeding is in the nature of a proceeding *in rem* to subject the specific property mentioned in the bill to the payment of the debt sued on, and is notice to the world of these facts, and creates a lien *lis pendens.* In such case, no affidavit to the bill, no judgment at law, no attachment or injunction, are necessary to fix the lien.'

"Bills of the nature under consideration which describe the property *bring such property completely within the grasp of the court.* In the cases above cited the court dealt with the property just as fully as could

have been done had an attachment been levied. *An attachment was superfluous in these cases.* Nothing was left exposed or at large after such bills were filed which an attachment could have reached. In some of the cases attachments thereafter levied were held ineffective. *The property involved was securely impounded by the bills.''* (italics ours.)

After the decision in *Roberts v. Frogge,* supra, two statutes were passed dealing with the subject of *lis pendens.* They had their origin as 1932 Code sections 10356 (now T.C.A. sec. 26-604) and 8053 (T.C.A. sec. 20-301). They are as follows:

"26-604. *Lien lis pendens.*—The creditor has a lien lis pendens upon the property of defendant situated in the county of suit, if properly described in the bill of complaint, on the filing of the bill, so far as concerns the pursued defendant; and he may have a lien lis pendens upon all property, so described, as against bona fide purchasers and encumbrancers, for value, upon registration of an abstract of the claimed lien as provided by this Code."

"20-301. *Filing of abstract.*—When any person, in any court of record, by declaration, petition, bill or cross bill, shall seek to fix a lien lis pendens on real estate, or any interest therein, situated in the county of suit, in furtherance of the setting aside of a fraudulent conveyance, of subjection of property under return of nulla bona, tracing a trust fund, enforcing an equitable vendor's lien, or otherwise, he shall file for record in the register's office of the county an abstract, certified by the clerk, containing the names of the parties to such suit, a description of the real estate affected,

its ownership, and a brief statement of the nature and amount of the lien sought to be fixed. Until same is so filed, so far as concerns the rights of bona fide purchasers and encumbrancers, for value, of the realty, or any interest therein, they shall not be affected.''

Thus 20-301 provides that any person seeking to fix a lien on land, in any of the cases stated, shall file the abstract required, and that until it is filed ''the rights of bona fide purchasers and encumbrancers, for value,'' of the land, ''shall not be affected.'' But there is no provision as to the rights of creditors or other persons, or as to when the lien takes effect.

But by 26-604, the creditor has a lien upon defendant's property *"on the filing of the bill,"* so far as concerns the pursued defendant; and he may have such lien upon such property ''as against bona fide purchasers and encumbrancers, for value, upon registration'' of the abstract required. That is, as to all other persons the filing of the bill without more fixes a lien on defendant's property in the county described in the bill.

■ Insofar as these two sections may contravene each other, the provisions of 26-604 control in such a case as this. Section 20-301 is a part of chapter 3 whose subject matter is ''Lis Pendens,'' and 26-604 is a part of chapter 6, whose subject matter is ''Bill To Subject Property.'' Therefore, under T.C.A. sec. 1-303, the provisions of 26-604 prevail in a case of a bill like this to subject property. *Woodroof v. Nashville,* 183 Tenn. 483, 192 S.W.2d 1013; *Green v. State,* 207 Tenn. 461, 340 S.W.2d 916.

Apart from the rights of bona fide purchasers and encumbrancers, for value, this statute (1932 Code, sec. 10356, T.C.A. sec. 26-604) seems to be the same as the

equity rule applied in *Roberts v. Frogge,* supra, and prior cases; and under this section, as under the rule, a lien is fixed on the filing of the bill without an attachment. *Bell-Dowlen Mills v. Draper,* 169 Tenn. 112, 117, 83 S.W.2d 247; *Hull v. Vaughn,* 171 Tenn. 642, 647, 107 S.W.2d 219.

It seems that the only change which either of these sections (20-301 and 26-604) undertook to make in the equity rule is merely to require registration of the abstract in order to protect bona fide purchasers for value and bona fide encumbrancers for value. As to all other persons, a lien *lis pendens* on the defendant debtor's property, lying in the county and described in the bill, is fixed by the filing of the bill without more.

So, the filing of the bill in this case, fastened on this lot a lien *lis pendens* against the debtor, his creditors and all other persons except bona fide purchasers for value and bona fide encumbrancers for value. The Oil Company did not part with any new consideration and was merely a purchaser at its execution sale.

The rule *caveat emptor* applies to such a sale and such a purchaser takes precisely as the defendant held and cannot be regarded as a bona fide purchaser for value. *Evans v. Belmont Land Co.,* 92 Tenn. 348, 360-361, 21 S.W. 670; *Estes v. Doty,* 169 Tenn. 683, 684-685, 90 S.W.2d 754. *Chumbley v. Carrick,* 194 Tenn. 612, 614, 254 S.W.2d 732.

Inasmuch as the filing of the bill in this case fixed a lien on this lot, or impounded it and brought *"such property completely within the grasp of the Court,"* in *custodia legis,* it was not subject to execution or attachment at law. *Watkins v. Fakes,* 52 Tenn. 185; *McDonald, Shea & Co. v. Charleston, C. & C. Railroad Co.,* 93 Tenn.

281, 24 S.W.2d 252, 291; *Scott County National Bank v. Robinson,* 143 Tenn. 356, 362, 226 S.W. 218; *Massey v. Holmes,* 189 Tenn. 677, 227 S.W.2d 25; *Nicely v. Nicely,* 8 Tenn.App. 134, 136.

Therefore, the Oil Company's attempt to levy its execution on this lot, after it had been impounded and brought "within the grasp of the court," was ineffective and created no lien on the property, and the Company took nothing by its purchase at the execution sale, and petitioners likewise took nothing by their effort to redeem from the Oil Company.

■ Such being the case, petitioners could not be aided by our redemption statutes (T.C.A. secs. 64-801 to 64-815); for a necessary condition of the right to redeem is that there must have been a sale at which a purchaser took title and the redemptioners take through him. In the case before us, there was no valid sale to the Oil Company, and it took no title which could support any right to redeem.

Writ denied.

### On Petition to Rehear

This was a general creditors' suit by a judgment creditor with a *nulla bona* return. The insolvent defendant made no defense, and the bill was sustained. The only controversy was over the claim of petitioners (two creditors) to priority in the proceeds of a lot described in the bill.

Petitioners sought to support their claim upon these grounds: (1) that the filing of the bill (Oct. 18, '57) and of the notice *lis pendens* (Nov. 1) did not fix a lien on the property of the insolvent for the benefit of his creditors;

but (2) that the American Oil Company, by levy of its execution (Oct. 29) on the lot, acquired a prior lien; and (3) that petitioners, by redeeming from the Oil Company (Jan. 15, '58), acquired its priority.

The Chancellor held that the Oil Company's levy fixed a lien prior to the lien fixed by the filing of the bill and of the notice of *lis pendens,* but that the latter lien was superior to any right acquired by petitioners as redemptioners from the Company; and he, accordingly, denied their claim.

They appealed, and the Court of Appeals likewise denied their claim; and we denied their petition for certiorari, agreeing with the result reached by those courts but putting our action upon a somewhat different ground: that the filing of the bill impounded the property and fixed a lien on it for all the creditors, and, therefore, the Oil Company's attempted levy was a nullity.

Petitioners have filed an able and earnest petition to rehear our denial of certiorari, urging two propositions in support of their petition.

■ *First*: They assert that by our holding that the insolvent debtor's property was impounded by the filing of the bill and the Oil Company's attempted levy was a nullity, we "reversed the Chancellor on the determination of an issue from which no appeal was taken by any party" and that this holding is erroneous, "in conflict with [our] Rule 15(2)," and detrimental to petitioners.

As we understand, petitioners contend that since the Chancellor held the Oil Company had perfected a prior lien, and since there was no appeal by any party from that particular holding, it became final and was binding

on the appellate courts, and they could consider only the question whether this prior lien passed to petitioners as redemptioners.

This argument overlooks the effect of petitioners' appeal from the Chancellor's decree. It is not correct to say we reversed his determination on an issue not appealed from. The "issue" determined by him was their claim, which he denied; and their appeal brought up this issue, their claim and the grounds on which they sought to support it.

We sustained the Chancellor's denial of the claim, though upon a different ground. Where the court below rules correctly, but upon an erroneous reason, the appellate court will sustain the ruling, upon what it conceives to be the correct theory. *Sheafer v. Mitchell,* 109 Tenn. 181, 193, 194, 71 S.W. 86; *Still v. Pennsylvania Threshermen & F. Mut. Cas. Ins. Co.,* 195 Tenn. 323, 326-327, 259 S.W.2d 538; *Nashville, C & St. L. Ry. Co. v. Jackson,* 187 Tenn. 202, 207, 213 S.W.2d 116; *Denny v. Wilson County,* 198 Tenn. 677, 686, 281 S.W.2d 671.

*Second*: Petitioners' second proposition is this: "The filing of the general creditor's bill by complainant did not create a lien *lis pendens* from the date of the filing." This is only a re-argument of the same question already fully considered and determined in our former opinion, and is, therefore, not appropriate for a petition to rehear. Rule 32; *City of Paris v. Paris-Henry Co. Pub. Utility Dist.,* 207 Tenn. 388, 340 S.W.2d 885, 890.

Petitioners, however, undertake to support it by a matter not raised until now. They say the Chancery Court had no equity jurisdiction of this case; that the bill sought to reach only property leviable at law, and, there-

fore, was not within the inherent jurisdiction of equity or its jurisdiction as extended by our statutes.

The property of the defendant sought to be reached by the bill was his "interest in a business" and this lot. While the bill stated he had title to the lot, this must be taken with the further averment that he was insolvent and complainant's executions had been returned *nulla bona,* "no assets to be found."

These averments were sufficient to make a case within the equity jurisdiction, and were so treated by all the parties below. In such circumstances the court's jurisdiction must be sustained. *Turley v. Taylor,* 71 Tenn. 171, 173; *Scott Co. Nat. Bank v. Robinson,* 143 Tenn. 353, 363, 226 S.W. 218.

Moreover, this was a case within the statutory rule of *lis pendens* (secs. 26-604, 20-301) and a lien was created on the property "on the filing of the bill," so far as concerns the rights of the Oil Company and of petitioners, they not being innocent purchasers or encumbrancers for value.

For these reasons, the petition to rehear is denied at the cost of petitioners.