Viola Spangler, Administratrix et al.,
Plaintiffs in Error,

*v.*

State Farm Fire & Casualty Company,
Defendants in Error.

424 S.W.2d 191.

(*Nashville,* December Term, 1967.)

Opinion filed January 29, 1968.

Alvin Bell, Noone, Moseley & Bell, Chattanooga, Jerome Ables, Ables & Ables, South Pittsburg, and Wagner, Nelson & Frazier, Chattanooga, for plaintiffs in error.

PAUL D. KELLY, JR., SWAFFORD & KELLY, Jasper, for defendant in error.

MR. JUSTICE DYER delivered the opinion of the Court.

This cause comes to this Court upon demurrer, sustained by the trial judge, to the declarations in these suits (consolidated for trial) based upon an alleged contract of automobile liability insurance. In this opinion the parties will be referred to as they appeared in the trial court.

On November 7, 1964, the defendant insurance company, through its authorized agent, issued the insurance binder in question for a price of $30.00, which binder contained the following language:

The State Fire and Casualty Company of Bloomington, Illinois hereby agree to bind the name insured subject to the conditions given in the regular policy for such

of the following coverages, as are indicated, pending the issue of an Automobile Insurance Policy in the form, and at the rate and classification of the Company's Manual. This binder shall in no event be in force more than 30 days from date written and shall be superseded by the policy.

On April 10, 1965, the automobile covered by this insurance binder was involved in an accident. In suits resulting from this accident the driver and owner of the automobile covered by the insurance binder was found to be at fault and these judgments have become final. The case at bar, in substance, attempts to recover the amount of these judgments on the ground that under this insurance binder the defendant insurance company covered this automobile at the time of this accident.

The demurrer filed is as follows:

The said ''binder'' shows on its face that it was issued on November 7, 1964, and that in no event would it be in force for more than 30 days from the date of issuance, and the Declaration shows that the automobile accident which Arvil Spangler was involved in, occurred on April 10, 1965.

To exclude a problem we should here note that it is not alleged the defendant insurance company issued other insurance than that contained in this binder.

In *Pennsylvania Lumbermens Mutual Fire Insurance Co. v. Holt,* 32 Tenn.App. 559, 223 S.W.2d 203 (1949), the Court in describing an insurance binder adopted the language from 29 Am.Jur., page 158, as follows:

''A binding slip or interim receipt, also called a 'binder,' is ordinarily a document given to the insured

to bind the company in case a loss occurs pending action upon the application and the actual issuance of a policy. It is generally held that such a slip or receipt issued by the duly authorized agent of an insurance company constitutes a temporary contract of insurance under which the company is liable for any loss occurring during the period covered by it. * * *'' 32 Tenn. App. at 567-568, 223 S.W.2d at 206.

We think the language in this binder is clear and free of any ambiguity. This binder gives temporary, present insurance coverage from date with a provision in no event to extend beyond thirty days from the date of issuance. The binder also contains language which could make the coverage less than thirty days; that is, if the policy be issued within the thirty days then the binder is superseded by the policy. On this point we find in 44 C.J.S. Insurance sec. 230, p. 961, the following:

A contract of temporary present insurance is terminated by the issuance, delivery, and acceptance of a policy, and if the policy is not issued, delivered, and accepted, and the contract is not otherwise terminated, the contract continues until, and only until, the time fixed thereby for its termination, which is sometimes the expiration of a specified period of time, unless the course of conduct and dealings between the parties discloses an intention to have the insurance continue in effect notwithstanding the expiration date provided for in the binder.

There are no allegations in these declarations that any conduct or acts of the parties disclose an intention to continue the binder in effect beyond the thirty days mentioned herein.

It is argued the defendant insurance company should have notified its insured of refusal or failure to issue the policy. We do not deem it necessary to decide what legal duty, if any, the defendant insurance company had to notify its insured on refusal to issue the policy since the declarations do not allege the defendant insurance company failed to give such notice.

The trial judge in his memorandum opinion cited Item 2 of the Statute of Frauds, T.C.A. 23-201. Plaintiffs argue the trial judge sustained the demurrer on the grounds of the Statute of Frauds and this was error since the demurrer did not rely upon this statute. We do not agree the trial judge relied solely upon this statute but even if such were the case we would affirm the trial judge based upon what we consider to be the correct theory. See *Cannon Mills v. Spivey,* 208 Tenn. 419, 346 S.W.2d 266 (1961).

■ The Court, upon motion of plaintiff, entered an order requiring the defendant to plead specially its defense. The argument here is that this order cut off the right of defendant to enter a demurrer. We find no merit in this argument.

The judgment of the trial court is affirmed.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.