KERMIT BUTLER, Appellant,

*v.*

CARROLL JOHNSON et al., Appellees.

426 S.W.2d 515.

(*Nashville,* December Term, 1967.)

Opinion filed March 27, 1968.

James Donoho, Hartsville, for appellant.

Watkins, McGugin & Stewart, Nashville, for appellees.

Mr. Justice Chattin delivered the opinion of the Court.

This is a workmen's compensation case. Petitioner, Kermit Butler, filed an original petition in the Chancery Court for workmen's compensation benefits against defendants, Carroll Johnson, John Franklin and Billy Franklin, individually and as partners under the name of Planters Tobacco Warehouse at Gallatin, Tennessee; and American Casualty Corporation, the insurance carrier.

The matter was heard on the deposition of Dr. G. William Davis, oral testimony, and a stipulation that in the event petitioner was found to be an employee of defendants his wages would have been $1.25 per hour.

The Chancellor found:

"I do not believe that the statutes contemplated the coverage of a person who for his own convenience performs one job and that alone, and that being for his own benefit. Under these circumstances, even if he is not an independent contractor, he could be no more than a casual employee as that term is defined by the statute."

Petitioner appealed to this Court. Thereafter, defendants filed a motion in this Court to dismiss the appeal on the ground petitioner failed to file his assignments of

error, brief and argument within the time allowed under Rule 14 of this Court, the same having been filed after the expiration of twenty-five days from the filing of the transcript in this Court.

Whereupon, Counsel filed an affidavit which he states he had not appealed a case in the past twenty years. That he understood he had until ten days before the case was called for argument before the Bar of this Court to file his assignments of error, brief and argument. That he was unaware the rule had been changed and for that reason he failed to file the assignments of error, brief and argument in time.

While it is clear Counsel was mistaken in his conclusion, we think it was made honestly and in good faith. And, since no prejudice has resulted therefrom, we do not think Counsel should be penalized by having the rule applied.

"When it appears to the Court no harm can be done to the one who makes a motion to enforce the Rule, and that an injustice would be done by enforcing the Rule, then the Court should use grace and discretion in administering the rule." *Norton v. Standard Coosa-Thatcher Company,* 203 Tenn. 649, 315 S.W.2d 245 (1958); *Martin v. Senators, Inc.,* 220 Tenn. 465, 418 S.W.2d 660 (1967).

Accordingly, the motion to dismiss the appeal is overruled.

Petitioner is a farmer fifty-six years of age. On the morning of the alleged accident, petitioner and John McClard, a friend and neighbor, took a truck load of tobacco to defendants' warehouse for sale. McClard

loaned his pickup truck to petitioner for this purpose and accompanied him to the warehouse.

On arrival at the defendants' warehouse, they were informed by Carroll Johnson, one of the owners, that all of the employees at that particular warehouse were busy but if they would drive the truck to the Red Barn, another warehouse, it would probably be unloaded sooner.

Petitioner drove to the Red Barn and parked the truck near the ramp to be unloaded. The employees of defendants at the Red Barn were occupied in unloading other trucks. Petitioner and McClard approached the floor manager, Mr. Woodard.

Woodard told them he was short of help and they would have to wait their turn. But, if they wanted to unload the truck themselves, he would pay for their labor.

Petitioner and McClard began unloading the truck and within an hour and a half, while so engaged, he fell and fractured his leg.

McClard testified Woodard told them, "If you all will take it off and grade it out and put it on the baskets, why, we will pay you for it."

Carroll Johnson testified it was customary for his Company to employ farmers to unload their tobacco when the Company did not have sufficient employees to unload all trucks on the grounds. The records of the Company did not show petitioner had been paid for his labor.

He further testified Woodard had the authority to hire petitioner and McClard to unload the truck.

Woodard testified he did not recall whether he told petitioner and McClard they would be paid for their labor.

Neither petitioner nor McClard requested payment for their labor. However, as stated, it was stipulated the customary wage for such labor was, at that time, $1.25 per hour.

Petitioner has assigned as error the following:

"That the Chancellor erred in holding that petitioner was not an employee of defendant so as to be entitled to workmen's compensation benefits and in dismissing his petition."

Thus, the sole issue raised by this appeal is whether petitioner was an employee within the meaning of the Workmen's Compensation Law.

Petitioner insists the evidence is undisputed and the determination of this question is a matter of law.

"While this Court has always considered itself to be bound by the findings of the trial judge on questions of fact when supported by material evidence, it has not considered itself to be bound by the conclusions drawn by the trial court from undisputed facts." *Wilson v. Van Buren County,* 196 Tenn. 487, 268 S.W.2d 363 (1964); *Travelers Ins. Co. v Googe,* 217 Tenn. 272, 397 S.W.2d 368 (1965).

We are of the opinion the basic facts are undisputed. Petitioner unloaded his tobacco after talking with defendants' foreman who had the authority to employ farmers to unload their trucks. Petitioner and McClard testified they were assured by Woodard they would be paid for their labor. Woodard did not deny this.

Petitioner and McClard proceeded to unload, grade and pile the tobacco on baskets as directed by Woodard. While performing the work, petitioner suffered an injury to his leg.

The terms "employee" and "casual employee" are defined by the Workmen's Compensation Law.

T.C.A. Section 50-902(b) provides:

" 'Employee' shall include every person, including a minor, whether lawfully or unlawfully employed * * * in the service of an employer, as employer is defined in paragraph (a) above, under any contract of hire, apprenticeship, written or implied."

T.C.A. Section 50-906 provides:

"The Workmen's Compensation Law shall not apply to: * * * (b) any person whose employment at the time of injury is casual, that is, one who is not employed in the usual course of trade, business, profession, or occupation of the employer."

The question of whether a claimant is an employee within the meaning of T.C.A. Section 50-902(b) or whether he is a casual employee under T.C.A. Section 50-906(b) are separate and distinct questions. One must not be confused with the other. If an employment relation does not exist, the claimant is not an employee under T.C.A. Section 50-902(b). Where a claimant is not an employee within the meaning of T.C.A. Section 50-902(b), the issue of casual employment is never reached. *Still v. Pennsylvania Threshermen and Farmers Mut. Cas. Ins. Co.*, 195 Tenn. 323, 259 S.W.2d 538 (1953).

"As to whether he was an employee or an independent contractor is whether the employer had the right

to control the employee in doing his work, and the test is not a question of whether the right was exercised but whether the right existed." *Owens v. Turner,* 211 Tenn. 121, 362 S.W.2d 793 (1962).

"In determining whether plaintiff was an employee or an independent contractor under the Workmen's Compensation Act, it is our duty to give the Act a liberal construction in favor of the fact he was an employee rather than a strict construction." *Armstrong v. Spears,* 216 Tenn. 643, 393 S.W.2d 729 (1965).

■■ Whether petitioner was an employee depends upon the nature of the defendants' business, the way it was conducted, and the petitioner's relationship to the business. Primarily, we must consider whether defendants exercised some measure of control over petitioner in unloading the tobacco. *Seals v. Zollo,* 205 Tenn. 463, 327 S.W.2d 41 (1959).

It is undisputed Woodard told petitioner if he desired he could proceed to unload the tobacco, grade it, and place a particular grade on a particular basket; and that he would be paid for his labor.

It is also undisputed Woodard had the authority to employ farmers to unload, grade, and stack their tobacco when defendants' regular employees were otherwise occupied and unavailable to perform the task.

In unloading, grading and stacking the tobacco on the proper baskets, petitioner was performing a task in the usual course of defendants' business. In other words, he was, at the time of his injury, performing a task usually performed by defendants' regular employees.

■ From the undisputed facts, we are of the opinion the relationship of petitioner and defendants was the same as that of defendants and their regular employees. This being true, defendants had the right to control the work and to terminate it at any time.

■ Where there is a contract of employment, either expressed or implied, the burden is on the employer to show claimant is an independent contractor rather than an employee. *Seals v. Zollo,* supra.

Defendants have failed to carry such burden. The undisputed testimony is to the contrary.

We now consider whether petitioner was a casual employee.

"On the issue of casual employment this statute prescribes a unitary and exclusionary test, which is whether, at the time of the injury, the employee was employed in the usual course of trade, business, profession or occupation of the employer." *Travelers Insurance Company v. Dozier,* 219 Tenn. 525, 410 S.W.2d 904 (1966).

Unquestionably, petitioner was employed in the usual course of defendants' business. He was performing a task defendants' regular employees were employed to do.

■ The nature of the employment, rather than its frequency or infrequency or its duration, determines whether the employment is casual. *American Surety Company v. Clarksville,* 204 Tenn. 67, 315 S.W.2d 509 (1958).

■■ The mere fact petitioner was only employed to unload, grade and stack the tobacco from the one truck does not exclude him from the class of regular employees

as defined by our statutes. So long as petitioner was a member of the class who were doing some work necessary in carrying on defendants' business, he fell within the classification of those regularly employed. *Brady v. Reed*, 186 Tenn. 556, 212 S.W.2d 378 (1948); *Parks v. E. M. Carmell Company*, 168 Tenn. 385, 79 S.W.2d 285 (1934).

█ Since the facts are undisputed, it became a matter of law whether petitioner was an employee, independent contractor, or a casual employee within the meaning of our Workmen's Compensation law. From what we have said hereinabove makes it clear, as a matter of law, petitioner was an employee within the meaning of the Workmen's Compensation Law.

The decree of the Chancellor is reversed and the cause remanded for further proceedings consistent with this opinion. Defendants will pay the costs of the appeal.

BURNETT, CHIEF JUSTICE, and DYER, CRESON and HUMPHREYS, JUSTICES, concur.